**Ralph LOW, Respondent,**

v.

**ACF INDUSTRIES, Appellant.**

**No. 55414.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1989.

Stephen M. Hereford, Donald B. Balfour, St. Louis, for appellant.

Thomas J. Gregory, St. Louis, for respondent.

GRIMM, Presiding Judge.

In this worker's compensation case, the administrative law judge found (1) employee suffered extraordinary mental and emotional stress related to his job, and (2) this stress caused employee to suffer cardiac dysrhythmias.[1] An award of 120 weeks for permanent partial disability was made. The Labor and Industrial Relations Commission affirmed.

Employer ACF Industries appeals; its brief contains three points relied on. First, the award is "clearly contrary to the overwhelming weight of credible evidence." Employer alleges that employee Ralph Low's condition was caused by his underlying heart disease, which commenced in December, 1982, when he was not within the course and scope of his employment. Employer's second and third points allege that "there was no substantial evidence" employee suffered "an injury" or "an accident." We affirm.

Employee began working for employer in 1964 as a senior buyer. In March, 1976, employee suffered a heart attack; he returned to work in late July or early August.

In 1977, employee was demoted to a senior expeditor. In March, 1978, he suffered another heart attack and had open heart surgery in June. He returned to work in August and had no medical problems. Approximately three years later, in October of 1981, he was promoted to a buyer.

Near the end of 1981, employee started experiencing flutterings in his chest. This occurred "one or two times a month at the most." By January, 1982, the frequency of his chest flutterings increased to three to six times a day. Occasionally one would occur in the evening, but they generally occurred during the regular work day.

In late July, 1982, employee suffered an attack while on his way to work. His doctor advised him not to work for three months. While off work, the flutterings decreased to approximately one a day.

On December 11, 1982, two days prior to his scheduled return to work, employee suffered an attack at home. Employee was admitted into a hospital. On December 26, he underwent a cardiac catheterization, which disclosed a blockage behind the heart. Employee's doctor put him on a maintenance level of medication and told him not to work. He has not returned to work and, at the time of the hearing, was having chest fluttering or dysrhythmias about once a month.

At the hearing, employee testified that when he was promoted to a buyer in 1981, the buying was in a field completely different from that which he was in before. He was not instructed in purchasing those materials. This "put a lot more stress on [him] because the work load was much heavier." In addition, a new system regarding requisitions and purchases had been put in, but he was not given any instruction on it.

---

1. A "cardiac dysrhythmia" is a condition of disturbed rhythm of the heart. "Arrhythmia" is a loss of, or variation in, the normal rhythm of the heart beat. The terms are synonymous.

Employee further stated that he was under stress because buyers around him were being laid off. He "was called a liar and was told that [he] wasn't producing." He was told that if he "didn't straighten out [he] was going to be let go."

Employer did not offer any evidence to contradict employee's testimony. The administrative law judge said, "Ralph Low proved to be a very credible witness."

Employee presented the deposition testimony of Dr. Gerald Wolff, a board certified cardiologist. Dr. Wolff found that in "January 1982 during a period of severe occupational stress, [the employee] had arrhythmias of the heart manifested by fluttering in the chest, and these were treated by having him withdraw from work, whereupon they were observed to resolve."

Employee's counsel then asked Dr. Wolff if he had an opinion, based on reasonable medical certainty, as to whether the arrhythmias "were directly and proximately caused by the stress associated with [employee's] job" from January to July, 1982. After stating that he did, Dr. Wolff expressed his opinion "that the arrhythmias were induced by the conditions of [employee's] job." He found the employee to be totally and permanently disabled, with the tendency to develop arrhythmias resulting in a 30 percent permanent partial disability.

Employer submitted the deposition of Dr. John Davidson, a board certified cardiologist. He testified that, in his opinion, employee's problems are due to an underlying heart disease and are completely unrelated to the job.

On cross-examination, Dr. Davidson acknowledged that, assuming employee's history of coronary artery disease, emotional stress can be a precipitating cause of dysrhythmias. He further acknowledged that the fact there was some improvement during absence from work suggested that "the stress of the employment situation either aggravated or precipitated the dysrhythmias." He agreed that the employee was totally disabled for gainful employment.

■ It is firmly established that the scope of appellate review is limited to the four grounds specified in § 287.495, RSMo 1986. *Katzenberger v. Gill,* 690 S.W.2d 473, 475 (Mo.App.E.D.1985). If the competent evidence is conflicting, the choice lies with the commission and is binding on this court. *Id.* We may not substitute our judgment upon issues of fact for the judgment of the commission. *Barnes v. Ford Motor Co.,* 708 S.W.2d 198, 199 (Mo.App.W. D.1986). Generally, when passing on the sufficiency of the evidence, we must view the record in the light most favorable to the findings. Accordingly, we disregard any evidence which might support a finding different than the commission's, even though the evidence would have supported a finding to the contrary. *Petersen v. Central Pattern Co.,* 562 S.W.2d 153, 155–156 (Mo.App.E.D.1978).

Applying these principles, we examine employer's appeal. In its first point relied on, employer alleges that the award is "clearly contrary to the overwhelming weight of credible evidence." Employer contends that "the sole condition that has disabled [employee] and from which he suffers is his underlying heart disease and manifestations thereof commencing in December, 1982."

■ When, as here, the right to compensation depends upon the acceptance of one of two conflicting medical theories, the issue is one of fact for determination by the commission. Its finding will not be disturbed unless the commission acted unreasonably in accepting testimony which was not substantial, or decided the issue contrary to the overwhelming weight of the evidence. *Hutchinson v. Tri–State Motor Transit Co.,* 721 S.W.2d 158, 162 (Mo.App.S.D.1986). Here, Dr. Wolff, a board certified cardiologist, expressed his opinion "that the arrhythmias were induced by the conditions of [employee's] job." This was supported by employee's testimony concerning his stressful working conditions. In addition, his chest flutterings increased from one or two a month to five or six times a day when he was at work during this period of increased stress. Employee further explained that when he was

off work, the flutterings decreased to only once or twice a month.

Further, although Dr. Davidson stated that the dysrhythmias were not related to employee's work conditions, he acknowledged that emotional stress can be a precipitating cause of dysrhythmias. The facts found by the commission support the award. There was sufficient competent evidence in the record to warrant the making of the award. Point denied.

■ Employer's second and third points allege that "there was no substantial evidence" that employee suffered "an injury" or "an accident." Employer first argues that dysrhythmias are not an "injury"; rather, they are symptoms of employee's underlying heart disease.

On cross-examination, Dr. Wolff testified that "the cardiac arrhythmias of the severity that [employee] had in 1982 documented on the holter monitor apparently only occurred during periods of severe emotional stress." When the stress was alleviated or removed, "cardiac arrhythmias of that severity were not found; hence, it was concluded that the stress aggravated or induced the arrhythmias during the 1982 period." The doctor stated that it is the employee's tendency to have the arrhythmias which has disabled him. "The job induced the arrhythmia."

In *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781 (Mo. banc 1983), our Supreme Court said "[w]here the performance of the usual and customary duties of an employee leads to *physical breakdown or a change in pathology*, the injury is compensable." *Id.* at 784 (emphasis added). Here, there was evidence from which the commission could find that the job stress caused the rhythm of the heart beat to be disturbed. This meets the "physical breakdown or a change in pathology" test of *Wolfgeher*. The commission did not err in finding that the employee sustained an injury.

■ Finally, employer contends that there was no substantial evidence that the arrhythmias arose from "an accident." Stated another way, the question is whether gradual and sustained stress on the job is sufficient to constitute an accident.

In *Wolfgeher*, the Court said that "the time has arrived for Missouri to join the large majority of jurisdictions in liberally construing the term 'accident.' " *Id.* at 782. As stated in *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87 (Mo. banc 1983), "the right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the 'job related' or 'work related' test of *Wolfgeher*." *Id.* at 89–90.

The parties did not refer to any prior Missouri case which has decided this point, nor has our research disclosed any. In *Westerhold v. Unitog–Holden Manufacturing Co.*, 707 S.W.2d 456 (Mo.App.W.D. 1986), our colleagues in the Western District commented on *Wolfgeher*. In what may be dicta, they said, "[i]n essence, *Wolfgeher* permits the concept of 'accident' to encompass gradual and progressive injuries resulting from repeated exposure to on-the-job hazards." *Id.* at 458.

Professor Arthur Larson's treatise on worker's compensation includes a chapter titled "Personal Injury by Accident." Section 42.21(c) thereof concerns "Gradual and sustained stress." He states that "[t]he character of the case does not change in kind but only in degree when the stimulus takes the form of sustained anxiety or pressure leading to heart attack or cerebral hemorrhage." 1B A. Larson, THE LAW OF WORKMEN'S COMPENSATION, § 42.21(c) (1980). He acknowledges that some believe "anxiety and worry should be neatly crammed into a very short period of time; but, as we have had occasion to observe elsewhere, there is no real validity to this distinction between sudden and protracted injuries." *Id.*

Based on the teachings of *Wolfgeher* and *Wynn*, there was sufficient competent evidence to support the administrative law judge's finding that the cardiac dysrhythmias were directly and proximately caused by the work related stress endured by the employee. This stress meets the "job relat-

ed" or "work related" test of *Wolfgeher.* Points two and three, therefore, are denied.

The judgment is affirmed.

GARY M. GAERTNER and KAROHL, JJ., concur.