Linda SIMMERLY, Plaintiff

v.

BAILEY CORPORATION and Hartford
Insurance Company, Appellants

and

Gencorp and Liberty Mutual Insurance
Company, Respondents.

No. 19666.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 9, 1994.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Dec. 5, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Janet L. Williams, Kortenhof & Ely, P.C.,
St. Louis, for appellants.

Larry D. Valentine and Colleen Joern Vet-
ter, Riethmann & Valentine, St. Louis, for
respondents.

PARRISH, Judge.

Bailey Corporation (employer)[1] and Hart-
ford Insurance Co. (Hartford) appeal an
award of the Labor and Industrial Relations
Commission (the Commission) finding Hart-
ford liable for two injuries attributable to the
occupational disease, carpal tunnel syndrome.
Hartford was employer's insurer when Linda
Simmerly (sometimes referred to as "the em-

---

1. Bailey Corporation's name was changed in
June 1988 to Gencorp Automotive. The name
change has no bearing on this appeal. "Employ-

er" will be used to identify the corporation with-
out regard to the change of name.

ployee") underwent carpal tunnel release surgery on her right hand. Liberty Mutual Insurance Co. (Liberty) was employer's insurer when the employee underwent carpal tunnel release surgery on her left hand. The Commission found Hartford liable for the award attributable to both injuries. This court reverses and remands the case with directions for the Commission to enter its award imposing liability for the loss attributable to the right hand to Hartford and for the loss attributable to the left hand to Liberty.

Linda Simmerly began working for employer November 11, 1987. She was employed as a molder. Her job consisted of pushing rubber pieces into a mold, pressing buttons, then pulling out formed pieces. In February 1988, she experienced swelling and numbness in her hands. The symptoms were worse in her right hand than in her left hand.

Ms. Simmerly consulted physicians. Medical tests revealed abnormal nerve conduction of both median nerves. She was diagnosed as having bilateral carpal tunnel syndrome. Ms. Simmerly was told that she needed surgery on her right hand; that surgery was not necessary on her left hand at that time. She was told she probably would need surgery on her left hand at a later time.

Ms. Simmerly quit working, at the direction of her physician, on May 26, 1988. Surgery was performed on her right hand June 3, 1988. She was released to return to her job on August 1, 1988. However, she was on "layoff status" until the end of September, at which time she returned to work.

When she returned to work, Ms. Simmerly was again assigned the job of molding. After three or four days, her hands began swelling. She became a cutter, "an L & J operator." She cut rubber strips to form parts for the molders. Her job "consisted of pushing and pulling parts in and out of a machine and either running a foot pedal or hand buttons."

In November 1988, Ms. Simmerly consulted her company doctor about swelling she

was experiencing in her hands. She was given medication and provided wrist braces to wear on both hands. When there was no improvement, Ms. Simmerly was referred to another physician, Dr. Hunter. She saw Dr. Hunter for the first time on January 6, 1989. Dr. Hunter performed surgery on Ms. Simmerly's left hand January 25, 1989.

After returning to work following surgery to her right hand, Linda Simmerly did not miss work until the date of the surgery on her left hand. She missed work from January 25, 1989, until March 29, 1989. When she returned, she resumed work as a cutter. She continued that job until employer shut down in August 1991.

At the time of Ms. Simmerly's surgery on her right hand, June 3, 1988, employer's workers' compensation insurer was Hartford. At the time of the surgery on her left hand, January 25, 1989, employer's workers' compensation insurer was Liberty.

The Commission found:

> While the last exposure rule is a rule of convenience, it cannot be applied to shift liability between insurers in carpal tunnel syndrome cases *once* a compensable injury has arisen.... The work [the employee] performed in September to January did not interrupt the natural and legitimate consequences of the May injury. The need for surgery was present, but was delayed until the right hand had healed.... The last exposure rule is not applicable to this case, nor is a subsequent independent injury identified. The January 1989 surgery flows from and is related to the May 1988 injury.

Appellants present one point on appeal. They contend the Commission erred in finding Hartford liable for both injuries because that determination was contrary to the last exposure rule as established by § 287.063.[2]

The pertinent part of § 287.063 states[3]:

2. References to statutes are to RSMo 1986.

3. As explained in *Tunstill v. Eagle Sheet Metal Works*, 870 S.W.2d 264, 265 n. 2, (Mo.App.1994), this statute was amended in 1993. As in *Tunstill,* the pre–1993 version of the statute is applicable in this case.

1. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists.

2. The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length of time of such last exposure.

. . . . .

"As used in The Workers' Compensation Law, 'Any reference to the employer shall also include his insurer.' § 287.030.2." *Tunstill v. Eagle Sheet Metal Works,* 870 S.W.2d 264, 265 (Mo.App.1994).

 This court, in considering an appeal from the Commission, reviews only questions of law. § 287.490.1. It can modify, reverse, remand for rehearing, or set aside awards based on factual determinations only on the grounds prescribed by statute. *Id.* However, decisions that are clearly interpretations or applications of law, rather than determinations of fact, are reviewed for correctness without deference to the Commission's judgment. *West v. Posten Const. Co.,* 804 S.W.2d 743, 744 (Mo. banc 1991). Findings of ultimate facts reached through application of rules of law, rather than by natural reasoning based on facts alone, are conclusions of law. *Merriman v. Ben Gutman Truck Service, Inc.,* 392 S.W.2d 292, 297 (Mo.1965). They are reviewable for misstatement or misapplication.

The parties do not question that carpal tunnel syndrome is an occupational disease or that the employee was exposed to the disease through repetitive hand motions experienced during the course of her employment. The issue raised by appellants' point on appeal is directed to application of "the last exposure rule", a rule of law, to carpal tunnel syndrome cases. The Commission held the rule inapplicable to cases of bilateral carpal tunnel syndrome where disability is limited to one hand at the time of initial surgery.

 Workers' compensation insurance indemnifies a worker for loss of earning power resulting from a disability to work. *Renfro v. Pittsburgh Plate Glass Co.,* 235 Mo.App. 226, 130 S.W.2d 165, 171 (1939). It is not indemnification for a physical ailment. 130 S.W.2d at 171. The issue for determination is when Linda Simmerly became disabled because of the carpal tunnel syndrome affliction of her left hand.

In *King v. St. Louis Steel Casting Co.,* 353 Mo. 400, 182 S.W.2d 560, 562 (1944), the supreme court held that disability occurs when the employee is incapacitated from work. As between successive insurers, the one liable is the one whose insurance policy is in effect at that time. 182 S.W.2d at 562.

Linda Simmerly was diagnosed with bilateral carpal tunnel disease in May 1988. However, only her right hand required surgery. Following surgery on her right hand, Ms. Simmerly's physician released her for work. She did not miss work due to the affliction of her left hand until January 1989. The carpal tunnel syndrome disability to her left hand resulted in loss of earning power at that time. The disability to her left hand occurred then.

In January 1989, employer became responsible for Ms. Simmerly's losses related to disability in her left hand. Its insurer at that time was Liberty. Liberty is liable for those losses.

Appellants' point is granted. This case is remanded to the Commission. The Commission is directed to enter an award for losses attributable to Ms. Simmerly's carpal tunnel syndrome affliction to her right hand against employer and Hartford and for losses attributable to her carpal tunnel syndrome affliction to her left hand against employer and Liberty.

GARRISON, P.J., and CROW, J., concur.