Kathryn OBERG, Claimant–Appellant,

v.

AMERICAN RECREATIONAL
PRODUCTS, Employer,

and

Liberty Mutual Insurance, Insurer.

No. 67026.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 12, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 29, 1996.

Application to Transfer Denied
March 26, 1996.

Nile Griffiths, St. Louis, for Appellant.

Riethmann and Valentine, Deborah L.
Hellmann, St. Louis, for Respondent.

KAROHL, Judge.

Kathryn Oberg (claimant) appeals an award of the Labor and Industrial Relations Commission (Commission) finding American Recreational Products, employer, and Home Insurance Company, insurer, liable for disability of her left hand.[1] She sustained carpal tunnel syndrome which was surgically treated. The Administrative Law Judge (ALJ) entered an award for claimant for 17½% permanent partial disability of the arm at the wrist against American Recreational and Liberty Mutual Insurance Company. The Commission affirmed the award but modified it in only one respect. It concluded Liberty Mutual was not liable as insurer because Home Insurance Company was the insurer at the time the disease was diagnosed December 20, 1988. It found Home Insurance Company was responsible for the award. However, Home Insurance Company was never a party to the claim. The Commission did not note this jurisdictional matter in its opinion. Claimant appeals for the purpose of restoring the award against Liberty

---

1. After revision we republish a previous opinion in this case. The Supreme Court re-transferred this case to the Eastern District on November 21, 1995.

Mutual, the company named in the claim. We hold Liberty Mutual is the insurer because it was the carrier when the left arm condition became disabling.

The facts are not in dispute. Claimant began working for American Recreational Products (ARP) on October 16, 1987. Her duties included sewing rope into tent hems. She first sought medical assistance in August 1988 after experiencing problems with both arms. On December 20, 1988, she received a definitive diagnosis of bilateral carpal tunnel syndrome.

On January 5, 1989, claimant underwent carpal tunnel release surgery on her *right* hand. The medical records indicated a recommendation of conservative treatment on her *left* hand unless the symptoms became worse. As ARP's insurer, Home Insurance assumed responsibility for the claim filed regarding the condition of her right hand. After missing seventeen days for the surgery, claimant resumed the same work duties until ARP laid her off for three months during the summer of 1989.

In September 1989 claimant returned to ARP in the same capacity as before the layoff. On October 1, 1989, Liberty Mutual became ARP's workers' compensation insurer. Claimant continued to work until October 3, 1989 when carpal tunnel release surgery was performed on her left hand. She subsequently missed six weeks of work and received sick leave pay. She returned to her job before quitting in May 1990. She filed the present claim for compensation for left carpal tunnel syndrome on May 22, 1990.

The ALJ found Liberty Mutual was the responsible carrier. The question of insurance coverage was not noted by the ALJ as a disputed issue of fact when the trial began. However, it was argued. The ALJ found:

(1) Liberty Mutual Insurance Company was the last insurer on the risk at the time of the last exposure; and

(2) the work relatedness of the injury was not apparent to claimant until after the surgery of 10/3/89.

The Commission, as an amendment of the ALJ's decision, held "that the employer's insurer providing coverage as of December 20, 1988 is the liable insurer for purposes of this claim." The Commission held liability fell on the "employer/insurer in whose employment the employee was last exposed to the hazard of the occupational disease *prior to* the diagnosis of the disease or disability." It concluded any other result "would lead to a patently unfair and absurd result." There was no evidence of disability before the employer changed insurance companies.

Claimant raises only one issue on appeal. She contends the Commission erred in not finding Liberty Mutual liable for the injury to her left hand because its conclusion is contrary to the last exposure requirement prescribed by § 287.063 RSMo 1986. Section 287.063 is titled "occupational diseases." In relevant part it states:

1. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists.

2. The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length time of such exposure.

"As used in The Workers' Compensation Law, 'Any reference to the employer shall also include his insurer.' § 287.030.2." *Tunstill v. Eagle Sheet Metal Works,* 870 S.W.2d 264, 265 (Mo.App.S.D.1994).

The parties do not dispute the amount of the award. They agree: (1) with the finding of a causal relationship between claimant's duties and the diagnosis of carpal tunnel syndrome; (2) claimant worked for ARP in her regular duties of sewing tents up until the surgery of her left hand on October 3, 1989; and (3) that carpal tunnel syndrome is an occupational disease caused by repetitive work activity. However, the parties disagree as to when "last exposure" occurred as that expression is used in § 287.063.2. Specifically, claimant argues the Commission erred as a matter of law in determining the statute

fixes liability based on "last exposure before diagnosis" of an injury.

▮ Decisions which are clearly interpretations or applications of law, rather than questions of fact, are reviewed without deference to the Commission's judgment. *West v. Posten Const. Co.,* 804 S.W.2d 743, 744 (Mo. banc 1991). In construing a statute, we must consider the words used in the statute in their plain and ordinary meaning. *Tunstill,* 870 S.W.2d at 271. If the language of the statute is unambiguous, there is no basis for construction of the statute and the court must give effect to the statute as it is written. *Id.*

In *Simmerly v. Bailey Corporation,* 890 S.W.2d 12 (Mo.App.S.D.1994), the court considered the issue we now address. Relying on *King v. St. Louis Steel Casting Co.,* 353 Mo. 400, 182 S.W.2d 560, 562 (Mo.1944), it determined the insurer responsible for the employee's claim was the one with coverage when the employee was last exposed *before disability. Id.* at 14. (Our emphasis). It found disability occurred when the employee lost time from work. *Id.* Therefore, it held the successor insurance company liable, rather than the first, although carpal tunnel syndrome was initially diagnosed before the change in carriers. *Id.* We reach the same result.

▮ Claimant filed her workers' compensation claim for the left hand carpal tunnel syndrome condition in May 1990. The claim was made against ARP, her employer at all times, and Liberty Mutual, the carrier when her left arm condition became disabling. It alleged an October 1989 origin of the disease. She was last exposed to the hazards of carpal tunnel syndrome, for which she filed the claim, on October 2, 1989. There was evidence of a diagnosis of condition in December 1988 but none of disability before October 1989. She could not have filed the claim without assuming the burden of proving the existence of the disability. ARP's insurer on October 2, 1989, was Liberty Mutual. Thus, Liberty Mutual is the liable insurer. Moreover, the award against Home Insurance was improper where it was never a party and never participated in the case.

The judgment is reversed. We remand to the Labor and Industrial Relations Commission for entry of an award in accord with this opinion.

AHRENS, P.J., and GRIMM, J., concur.