**Kate ANDERSON, Respondent,**

v.

**NOEL T. ADAMS AMBULANCE DISTRICT, Appellant,**

**Adair County Ambulance District, Respondent.**

**No. WD 52259.**

Missouri Court of Appeals, Western District.

Aug. 20, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1996.

Application to Transfer Denied Nov. 19, 1996.

Mark A. Cordes, Moser & Marsalek, P.C., St. Louis, for appellant.

Amy E. Offner, Hayes, Newmark & Steigerwald, St. Louis, for respondent.

Before ULRICH, C.J., P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

ULRICH, Chief Judge, Presiding Judge.

Noel T. Adams Ambulance District (NTA) appeals from the temporary or partial award of the Labor and Industrial Relations Commission affirming the award of the Administrative Law Judge ordering NTA to provide Kate Anderson future medical treatment for bilateral carpal tunnel syndrome and psychological treatment. NTA asserts the Commission erred in: 1) determining that NTA is liable for Ms. Anderson's bilateral tunnel syndrome and right lateral humeral epicondylitis because NTA was not the employer where employee was last exposed to the hazard of the occupational disease; 2) finding that Ms. Anderson's psychological condition was causally related to her employment; and 3) in finding that NTA is liable for Ms. Anderson's psychological condition because it was not the employer where the last exposure occurred.

The award of the Labor and Industrial Relations Commission is affirmed.

## FACTS

Kate Anderson was employed by NTA as a manager and administrator from 1990 until her termination in June, 1992. Ms. Anderson's position with NTA required repeated use of the telephone, computer keyboard, and calculator. Kate Anderson is currently employed as administrator of Adair County Ambulance District (Adair). Ms. Anderson worked as an independent contractor in the capacity of acting administrator from March, 1993 until Adair hired her in her current capacity on May 1, 1993, as the full time administrator. Ms. Anderson's work at Adair was much less physical than the work she experienced in her prior employment at NTA.

Ms. Anderson began experiencing symptoms of carpal tunnel syndrome around June 1992. Ms. Anderson filed an injury report with the Division of Workers' Compensation on February 22, 1993, and a claim of compensation on March 11, 1993, against NTA. A second claim was filed on March 1, 1995, against Adair for bilateral carpal tunnel syndrome. She did not consult a physician about her injury until June 1993. However, while she was still in the employment of NTA, she reported her complaints to a member of the Board of Directors.

In addition to her claim for carpal tunnel syndrome, Ms. Anderson filed a claim for compensation against NTA for post traumatic stress disorder. She claimed that this condition occurred as a result of conflict between board members and herself over allegations made against her of embezzlement, malfeasance, and bookkeeping and accounting errors.

The Administrative Law Judge (ALJ) rendered a temporary award ordering NTA to provide Ms. Anderson with the medical treatment necessary to care for and relieve her of the effects of bilateral carpal tunnel syndrome and right elbow lateral epicondylitis. The ALJ also found that Ms. Anderson's mental condition was causally related to her employment at NTA and compensable. The ALJ ordered NTA to provide Ms. Anderson with additional medical, psychiatric and psychological treatment as may be necessary to relieve the effects of the job related disorders. The Commission affirmed the ALJ's temporary order.

## STANDARD OF REVIEW

Review of an award of the Commission involves a two step process to determine if the Commission could have reasonably made its findings and award after considering all the evidence presented. *Davis v. Research Medical Ctr.,* 903 S.W.2d 557, 571 (Mo.App.1995). The first step requires the reviewing court to determine if the record contains sufficient competent and substantial evidence to support the award. *Id.* The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the award. *Id.* If the record con-

tains sufficient competent and substantial evidence to support the award, the reviewing court must then determine whether the award is against the overwhelming weight of the evidence. *Id.* To make this determination the reviewing court, viewing the evidence in the light most favorable to the award, must consider all the evidence in the record, including that which opposes or is unfavorable to the award. *Id.*

## APPLICATION OF "LAST EXPOSURE" RULE TO CARPAL TUNNEL SYNDROME

■ NTA claims that the Commission erred in its application of the last exposure rule when it determined NTA was liable for Ms. Anderson's bilateral carpal tunnel syndrome. NTA argues that it should have been exonerated from liability by application of the rule. The parties do not dispute that carpal tunnel syndrome is an occupational disease or that Ms. Anderson was exposed to the disease as a result of her employment.

Decisions of the Commission that are clearly interpretations or applications of law are reviewed for correctness without deference to the Commission's judgment. *Simmerly v. Bailey Corp.*, 890 S.W.2d 12, 14 (Mo.App.1994).

The only issue is whether the last exposure rule operates to relieve NTA from liability and places liability for Ms. Anderson's injury on Adair. The last exposure rule is a rule of convenience for occupational diseases which is codified in section 287.063, RSMo 1986.[1] The statute, in relevant part, states:

1. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists....

2. The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which the claim is made regardless of the length of time of such last exposure.

■ In determining application of the rule, the time frame of employment, injury and filing of the claim become critical. The Supreme Court of Missouri has recently addressed this issue in *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286 (Mo. banc 1995). The Supreme Court in *Johnson* found that the previous employer, not the subsequent employer was liable for the employee's carpal tunnel syndrome. The employee filed his claim for compensation a few days after his termination with the first employer. A week after leaving the first employer, he began work with another company doing similar work. The work was not as strenuous as the work he had experienced with his last employment. The Commission found the employee's condition was caused by his employment with the first employer and awarded compensation. Employer appealed claiming the Commission misapplied the last exposure rule. The Supreme Court held that employee's claim resulted from his employment with first employer and noted that the claim was filed prior to his employment with the second employer. *Id.* at 288. The court affirmed the Commission's award. *Id.*

Similarly, Ms. Anderson filed her report of injury in February 1993, prior to her employment with Adair. She filed her claim of compensation on March 11, 1993. The record is unclear whether her claim was filed before or after she began working for Adair.[2] If she filed her claim of compensation prior to commencing employment with Adair, applying *Johnson*, NTA is liable for her injuries. Even if Ms. Anderson began work for Adair at the beginning of March prior to filing her claim for compensation, the cause of the malady was proved to be her employment with NTA.

---

1. Section 287.063 was amended in 1993 and section 287.067.7 was added. While these sections relate directly to the issue before us, the amendments were substantive and do not apply retrospectively to this case. *See Johnson v. Denton Constr. Co.* 911 S.W.2d 286 (Mo. banc 1995).

2. The record only reflects that Ms. Anderson began employment with Adair in March of 1993. No specific date is provided.

A report of injury was filed with the Division of Workers' Compensation in February 1993 describing carpal tunnel syndrome as Ms. Anderson's injury with NTA as employer. She did not work for Adair when the report was filed. The injury for which the claim was filed was due to employment with NTA, the last employment to expose Ms. Anderson to the hazard of the disease for which the claim was made. Point one is denied.

## PSYCHOLOGICAL CONDITION

■ NTA's second point on appeal claims the Commission's award of benefits to Ms. Anderson for her post traumatic stress disorder was not supported by competent, substantial, and credible evidence. NTA asserts that Ms. Anderson failed to prove a causal connection between her claimed mental disorder and her employment.

■ For an injury to be compensable, a causal connection between the nature of the duties or conditions the employee is required to perform and the resulting injury must be shown. *Pullum v. Hudson Foods, Inc.*, 871 S.W.2d 94, 97 (Mo.App.1994). The Commission found that Ms. Anderson's mental condition was a result of her employment with NTA. During her employment with NTA, she was accused by board members of embezzlement, malfeasance, and bookkeeping and accounting errors. These allegations were made directly to Ms. Anderson and the public, appearing in local newspapers.

■ Employer focuses on the testimony of Dr. David Miller, the psychologist who testified on its behalf. Dr. Miller diagnosed Ms. Anderson as suffering from generalized anxiety disorder with depressive features. In his opinion, this disorder did not result from the work place but rather from a predisposition or personality trait. However, if Ms. Anderson had a preexisting condition and if the work related injury aggravated the condition, compensation may be awarded. *Miller v. Wefelmeyer*, 890 S.W.2d 372 (Mo.App. 1994).

Dr. Elizabeth Campbell, a clinical psychologist, also testified regarding Ms. Anderson's mental condition. She opined that Ms. Anderson suffered from post-traumatic stress syndrome and that this malady was caused by the conditions of Ms. Anderson's employment. She testified that Ms. Anderson's mental condition resulted from untrue and humiliating statements that were made daily. Both psychologists testified that Ms. Anderson was in need of further treatment.

■ When the right to compensation depends upon the acceptance of one of two conflicting medical theories, the issue is one of fact for determination by the Commission. *Low v. ACF Industries*, 772 S.W.2d 904, 906 (Mo.App.1989). This court defers to the Commission's resolution of issues concerning the credibility and weight to be given to conflicting evidence and testimony, *Wefelmeyer*, 890 S.W.2d at 375, and will not substitute its judgment on issues of fact for the Commission's. *Low*, 772 S.W.2d at 906. In this case, the findings specifically state that Dr. Campbell was a more credible witness. The Commission gave greater weight to Dr. Campbell's testimony than to the employer's expert witness. The Commission's award was not against the weight of the evidence. The point is denied.

## APPLICATION OF "LAST EXPOSURE" TO MENTAL CONDITION

■ For its final point on appeal, NTA asserts that the Commission erred in finding NTA liable for Ms. Anderson's mental condition. It asserts that under the last exposure rule, liability should be placed on Adair.

This argument fails for the same reason as NTA's first point on appeal. Ms. Anderson filed her claim of compensation for post traumatic stress disorder on March 11, 1993. The events giving rise to the condition were peculiarly associated with her employment with NTA. Dr. Campbell testified that it was Ms. Anderson's exposure to prolonged, excessive harassment from a certain board member at NTA that caused the disorder. Dr. Campbell further testified that Ms. Anderson's current employment had not caused her post traumatic stress disorder. The Commission found that Dr. Campbell's testimony was credible. Ms. Anderson's mental condition was specifically related to

the events that occurred during her employment at NTA and ultimately resulted in her discharge.

The hazard that caused the disease was distinctively related to Ms. Anderson's employment at NTA. Therefore, NTA was the last employer to expose Ms. Anderson to the hazard for which the post traumatic stress syndrome claim was made. Under the last exposure rule, NTA is liable. *Johnson v. Denton Constr. Co.,* 911 S.W.2d 286 (Mo. banc 1995).

The award of the Labor and Industrial Relations Commission is affirmed.

All concur.