**Mary L. MILLER, Respondent,**

v.

**UNITOG COMPANY, Appellant,**

**and**

**Carrollton Specialty Products, Respondent.**

**No. WD 54103.**

Missouri Court of Appeals, Western District.

March 17, 1998.

Randall W. Schroeer, Kansas City, for Unitog.

Scott C. Hamilton, Lexington, for Respondent.

Melodie Annee' Powell, Kansas City, for Carrollton Specialty.

Before LOWENSTEIN, P.J., and BRECKENRIDGE and HANNA, JJ.

LOWENSTEIN, Presiding Judge.

In this worker's compensation appeal, the underlying injury is carpal tunnel syndrome, a known occupational disease. *Weniger v. Pulitzer Pub. Co.*, 860 S.W.2d 359, 360 (Mo. App.1993). The issue is which of two successive employers is responsible for a claim for surgery and resultant temporary benefits, where both jobs involved repetitive motion or trauma, and both jobs were substantial contributing factors to the occupational disease of carpal tunnel syndrome. On the question of liability for medical treatment, this court has jurisdiction. *Walker v. Klaric Masonry, Inc.*, 937 S.W.2d 219, 220—21 (Mo.App.1996). Applicable to the issue of which employer is liable for benefits are two statutes: § 287.063.2, RSMo 1994, also known as the "last exposure rule," which is the general

statute on occupational diseases, and § 287.067.7 RSMo.1994.

Section 287.063.2 provides that,

"The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length of time of such exposure."

Section 287.067.7, states in pertinent part, that,

"With regard to occupational disease due to repetitive motion, if the exposure to the repetitive motion which is found to be the cause of the injury is for a period of less than three months and the evidence demonstrates that the exposure to the repetitive motion with a prior employer was the substantial contributing factor to the injury, the prior employer shall be liable for such occupational disease."

The Administrative Law Judge held the appellant Unitog, which was the second employer, responsible. The Labor and Industrial Commission affirmed. Review of the Commission's award is under the standard set forth in *Davis v. Research Medical Center*, 903 S.W.2d 557, 571 (Mo.App.1995). A question of law is reviewed without deference to the Commission's award. *Oberg v. American Recreational Products*, 916 S.W.2d 304, 306 (Mo.App.1995).

The employee, respondent Mary Miller, worked for respondent Carrollton Specialty Products ("Carrollton") from July 13, 1995, until October 3, 1995. The work involved repetitive hand motions while folding greeting cards. During that period of employment Miller felt pain from her hands to her elbows. She went to the company nurse and was given anti-inflammatory medicine and splints. She was put on limited duty, but did not miss any work.

On October 5, 1995, she went to work for the appellant Unitog, ultimately doing seaming on clothing. She noticed minimal problems with her hands. Eighty-nine days into the Unitog employment she began top stitching, a more hand intensive function, which caused severe pain to her hands. On January 2, 1996, Miller reported to Unitog that she was experiencing pain in her hands and wrists similar to that experienced at Carrollton. A report of injury was filed by Unitog on January 4, 1996, ninety-one days into her employment there. She missed some work, and her job duties were changed one to two weeks into January of 1996. Unitog's doctor sent Miller to an orthopedic specialist, Dr. Rose, who, in February of 1996, diagnosed the problem as carpal tunnel syndrome. As the only medical expert to testify, Dr. Rose said he believed Miller's employment at Unitog was a substantial or causing factor of her condition. He also said he believed the onset of Miller's condition was brought on at Carrollton. Surgery was recommended. Miller continued in the employ of Unitog and periodically performed hand intensive activities which have caused her discomfort. Miller filed this claim for the surgery and rehabilitation in May of 1996 against both employers. Unitog and Carrollton denied the claim, and as a result, Miller, while still working at Unitog, has not had the surgery Dr. Rose believes is necessary.

In his testimony, Dr. Rose opined that the employee had carpal tunnel syndrome prior to leaving Carrollton and, "that it quieted down when she first started at Unitog doing less work intensive or repetitive overuse activities and then recurred or was reaggravated when she started increasing her repetitive work activities." Dr. Rose concluded that, "it sounds like the process was started at Carrollton, and she left that job but she … didn't get a different type of job … and then when she did a more work-intensive job, it got her carpal tunnel going, or flared up again." The Administrative Law Judge and the Industrial Relations Commission ruled that § 287.067.7 did not apply here and § 287.063, as interpreted in *Johnson v. Denton Const. Co.*, 911 S.W.2d 286, 288 (Mo. banc 1995), resulted in Unitog being responsible for benefits. The Court in *Johnson* held, "[t]he starting point in applying the last exposure rule is that the employer liable for compensation is the last employer to expose the employee to the occupational hazard prior to the filing of the claim. The employee in *Johnson* experienced problems with the first employer, and filed a claim against the first

employer before starting work at the second employment." Both the Commission and the Court held the first employer responsible.

█ Unitog contends the Carrollton employment was the substantial contributing cause of the injury, and it is unfair that Carrollton, which skirted its responsibility to the employee by failing to refer her to a physician when the injury became known, escapes liability, while Unitog which accepted its responsibility and referred the employee to a doctor is saddled with liability to provide compensation. While this argument has initial appeal, it is the above-described statutory scheme in the Workers' Compensation chapter that addresses which of two employers must bear the brunt of an ailment which has probably been caused and aggravated by both jobs. Application of the statutes determine whether Carrollton or Unitog is responsible. Carpal tunnel syndrome, because it results from repetitive actions, is difficult to initially diagnose and it is likewise, difficult to determine the date first aggravated. Section 287.067.7, enacted in 1993, was passed to allocate the liability between employers where both jobs, as was the case here, led to a medical disability. The last exposure rule in § 287.063.2 placed responsibility on the second employer no matter how little time the employee had been on the second job. This rationale seemed harsh especially where the last exposure was for a very short time. *Mayfield v. Brown Shoe Co.*, 941 S.W.2d 31, 36 (Mo.App.1997). Where repetitive motion is the cause of the occupational disease, and the first employment was the substantial contributing factor, and the second employment is for *less* than three months, the first employer is responsible; but if exposure to the repetitive motion at the second employment, which may also contain a substantial exposure, is more than three months, the second employer is responsible.

█ In the case at bar, the medical evidence was both employments contributed to Miller's condition which requires surgery. ALJ Meuller and the Commission found carpal tunnel had its genesis with the Carrollton job, but that the condition got progressively worse for a period of over three months at Unitog, and that Unitog was the last employ-

ment prior to the filing of the claim. The Commission specifically found the Unitog employment, under §287.067.7, was a substantial contributing factor to the injury, and was for a period of over three months prior to the filing of this claim, so that the last exposure rule of §287.063.2 applied, making Unitog responsible for the claim.

As the reader can readily understand, there was no medical evidence as to which employment "was *the* substantial contributing factor to the injury." (Emphasis added Section 287.067.7). However, *it is evident that the work at Unitog, which lasted for more than three months, involved at least the same motions as Carrollton and culminated in the need for a claim to be filed.* Id. This section, gave the Commission the ability "to chose between two employers, and in turn two potential contributing factors." *Mayfield v. Brown*, 941 S.W.2d at 36. It should be noted that in *Brown*, the first employment was for a period of years, whereas the second employment was only for a week. In *Brown*, the Commission and the court held § 287.067.7 applied and assessed responsibility on the first employer. Id. at 37. Regardless of the quandary as to which employment was "*the* substantial contributing factor," the second prong of § 287.067.7 cannot be established by Unitog. The employment and exposure to causes for carpal tunnel syndrome at Unitog lasted for more than three months. Since both requirements of § 287.067.7 cannot be met, the Commission was free to apply the last exposure rule of § 287.063 and place responsibility on Unitog, since it was the last employer to expose the employee to the hazard prior to the filing of the claim. *Johnson v. Denton*, 911 S.W.2d at 286; *Oberg v. American*, 916 S.W.2d at 306; *Lococo v. Hornberger Elec., Inc.*, 914 S.W.2d 67, 69 (Mo.App.1996).

The judgment is affirmed.

All concur.