

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| DENNIS ODOM, SR., | ) | |
| | ) | |
| Appellant, | ) | WD79314 |
| | ) | |
| v. | ) | OPINION FILED: August 16, 2016 |
| | ) | |
| GLAZER'S DISTRIBUTORS OF | ) | |
| MISSOURI, INC. AND DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | |

### Appeal from the Labor and Industrial Relations Commission

Before Division Two: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Dennis Odom ("Odom") appeals from the Labor and Industrial Relations Commission's ("Commission") order denying his claim for unemployment benefits following his termination from Glazer's Distributors of Missouri, Inc. ("Glazer"). Odom argues that the Commission erred in concluding that he committed misconduct and in denying his claim for unemployment benefits because the decision was not supported by sufficient competent evidence. We affirm the Commission's decision.

**Factual and Procedural Background**

Glazer is a liquor distributor. Odom worked for Glazer as a day warehouse worker, and Odom was also a member of the union that represents certain workers at the facility. Every year Odom received Glazer's Employee Handbook, which contained the attendance policy. The attendance policy included the following rule: "Failure to report to work for two (2) consecutive scheduled working days without notifying the Company will result in immediate termination." The Handbook also contained a corrective action guideline, which stated: "First no call/no show in any rolling 12-month period will result in a FINAL warning or next level of corrective action. A second occurrence of no call/no show in any rolling 12-month period will result in TERMINATION of employment."

Pursuant to the collective bargaining agreement Odom signed, he was entitled to 40 hours of vacation leave and 32 hours of "personal time" on January 1, 2015, and an additional 40 hours of vacation leave on his union anniversary date, November 6, 2015. All vacation leave had to be consumed by November 30 of the year it accrued and did not roll over to the next year.

In January 2015, Odom requested and was approved for 40 hours of vacation leave to commence July 13, 2015. In March, Odom requested another 40 hours of vacation leave to commence on July 20, 2015, which his supervisor mistakenly approved. On June 16, 2015, Odom was given a verbal warning regarding his attendance. Around that time, it was discovered that Odom had consumed all of his sick leave, all of his vacation leave, and all but eight hours of his personal leave. Since Odom had used all his vacation leave, Glazer withdrew its prior approval for vacation for the weeks of July 13 and

2

July 20. Odom then requested to take 40 hours of vacation leave he was not able to use during 2014 and 40 hours of vacation leave that would have accrued on November 6. Both requests were denied because they were contrary to the attendance policy. At the suggestion of his supervisor, Odom requested a leave of absence for the two weeks, but that request was still pending on July 13.

Odom was thus scheduled to work the weeks of July 13 and July 20. Odom was absent from work the weeks of July 13 and July 20, and did not call his supervisor at any time during that period. Odom's request for a leave of absence was denied on July 21. On July 22, Odom's supervisor called him to ask why he was not at work. On July 24, Odom received a call from his supervisor, the warehouse supervisor, and the union shop steward. During the conversation, Odom was discharged because he failed to call or show up to work on July 14 and July 15. Odom then filed a union grievance, which was rejected because it was not timely filed.

After his termination, Odom applied for unemployment benefits. Odom's application was denied because it was determined he was ineligible for benefits in that he was discharged for misconduct. Specifically, a Division of Employment Security deputy determined that Odom had violated Glazer's no-call, no-show policy.

Odom appealed the deputy's decision to the Appeals Tribunal ("Tribunal"). During a telephone hearing, Odom testified on his own behalf, while his supervisor testified on behalf of Glazer. The Tribunal found the supervisor's testimony more credible than Odom's. The Tribunal concluded that Odom had violated Glazer's no-call, no-show policy by being absent from work on July 14 and July 15 without contacting his

3

supervisor. Accordingly, the Tribunal found that Odom was not eligible for benefits because he was discharged for misconduct connected with his work.

Odom filed an application for review with the Commission. On December 4, 2015, the Commission affirmed the Tribunal's decision and adopted the Tribunal's findings. Odom appealed.

## Standard of Review

This Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission if we find "[t]hat there was no sufficient competent evidence in the record to warrant the making of the award." Section 288.210(4).[1] "Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). "This Court defers to the Commission on issues involving the credibility of witnesses and the weight given to testimony." *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 288 (Mo. banc 1995). "Whether the Commission's findings support the conclusion that a claimant engaged in misconduct connected with his or her work is a question of law" and reviewed *de novo*. *Fendler v. Huson Servs.*, 370 S.W.3d 585, 588-89 (Mo. banc 2012). Where the Commission adopts the findings of the Tribunal, "we are necessarily called upon to examine those findings in our review of the Commission's decision." *Hubbell Mech. Supply Co. v. Lindley*, 351 S.W.3d 799, 807 (Mo. App. S.D. 2011).

---

[1]All statutory references are to RSMo 2000 as supplemented through the date of Odom's discharge from employment unless otherwise expressly noted.

4

**Analysis**

Odom alleges in his sole point on appeal that the Commission erred in denying his claim for unemployment benefits because the decision that he engaged in misconduct connected with work was not supported by competent and sufficient evidence as Glazer's policy about vacation time was confusing, and Glazer did not follow its own policy of giving a warning after the first no-call, no-show occurrence.

"Though the claimant has the burden of proving his right to receive unemployment benefits in the first instance, the employer bears the burden of proving that the applicant is ineligible because he was discharged for misconduct connected with his work." *Seck v. Dep't of Transp.*, 434 S.W.3d 74, 82 (Mo. banc 2014). Relevant to this case, misconduct is defined by section 288.030.1(23) as:

> [C]onduct or failure to act in a manner that is connected with work . . . which shall include:
>
> . . .
>
> (c) A violation of an employer's no-call, no-show policy; chronic absenteeism or tardiness in violation of a known policy of the employer; or two or more unapproved absences following a written reprimand or warning relating to an unapproved absence unless such absences are protected by law;

The Commission found that Odom engaged in misconduct as defined by section 288.030.1(23)(c).

It is uncontested, and the Commission found, that Glazer's attendance policy stated that two no call, no shows during a rolling 12-month period would result in the discharge of an employee. Additionally, Glazer's attendance policy stated that two consecutive no

5

call, no shows would result in immediate termination. Odom does not contest that he had been notified prior to July 13 that his approval for vacation had been withdrawn, and that he knew his leave of absence request had not been determined on July 13. Odom also does not contest that he was absent from work the weeks of July 13 and July 20, and that he did not contact his supervisor during those weeks. Substantial, competent evidence on the record as a whole supports the conclusion that Odom violated Glazer's no-call, no-show policy.

Odom argues that he did not knowingly disregard Glazer's interest because Glazer's vacation policy was confusing and he was unaware he needed to call in on a daily basis. Nowhere in the plain language of section 288.030.1(23)(c) is there a requirement that the Odom knowingly disregarded Glazer's no-call, no-show policy. It is enough, based on the plain language of section 288.030.1(23)(c), that Odom was aware of the policy. Nor are we persuaded that the no-call, no-show policy was confusing. The policy plainly stated that "Failure to report to work for two (2) consecutive scheduled working days without notifying the Company will result in immediate termination." The handbook's subsequent discussion regarding a warning is plainly meant to permit immediate discharge for two ***non-consecutive*** no-call, no-show violations in a rolling 12-month period.

Sufficient, competent evidence on the record as a whole supports the Commission's finding that Odom engaged in misconduct connected with work as defined by section 288.030.1(23)(c).

Point denied.

## Conclusion

The Commission's decision is affirmed.

Cynthia L. Martin, Judge

All concur