Larry C. JOHNSON,
Respondent/Employee

v.

DENTON CONSTRUCTION COMPANY.,
et al., Appellant/Employer.

No. 77996.

Supreme Court of Missouri,
En Banc.

Nov. 21, 1995.

Rehearing Denied Dec. 19, 1995.

James K. Blickhan, Jeffrey O'Connor, Kansas City, for appellant.

Alexander W. Staab, Kansas City, for respondent.

BENTON, Judge.

The Labor and Industrial Relations Commission awarded worker's compensation benefits to Larry C. Johnson against Denton Construction Company. Denton objects to liability claiming not to be the employer that last exposed Johnson to the hazard of his occupational disease. After opinion by the court of appeals, this Court granted transfer. *Mo. Const. art.* V., § 10. Affirmed.

I.

Following a layoff, Johnson returned to work for Denton Construction on March 1, 1992, laying concrete 55 to 70 hours, 6 days a week. Ninety percent of the time, Johnson operated a come-along, which required a repetitive hoeing-type motion. The crew worked hard and fast with virtually no breaks.

About three weeks after returning to work, Johnson began waking in the middle of the night with arm numbness and pain. On March 28, 1992, Johnson's doctor diagnosed medial epicondylitis, prescribed medication, and gave him splints to wear. In a written note, the doctor advised that Johnson should do light duty and not use a come-along. His boss refused even to look at the note; Johnson continued to work full duty.

When his condition did not improve, Johnson asked again for treatment. Denton sent him to Occupational Medicine Associates on April 14, 1992. An electromyogram of both Johnson's wrists showed "bilateral carpal tunnel syndrome (left more involved than the right)." Continuing to complain of tingling in his left hand, Johnson returned to Occupational Medicine Associates on April 21, 1992. A doctor there confirmed the earlier diagnosis and advised that Johnson "see a hand surgeon." However, he was never authorized to see a hand surgeon and was fired a few days after the April 21st visit. Johnson filed this claim for worker's compensation May 4, 1992, a few days after his termination, listing Denton as his only employer (as admitted in Denton's answer).

A week or so after leaving Denton, Johnson began employment with Lock and Sand, another construction company. There his job was less strenuous, mainly pulling wire from a truck every 15 minutes and stomping it into poured concrete. The last three weeks of his job, in October 1992, Johnson did use a come-along and shovel to finish concrete. Although some of Johnson's symptoms improved after leaving Denton, he continued to experience numbness, severe nocturnal pain, and shooting pains in his arms when attempting to pick things up.

The administrative law judge found that Johnson needed surgery to decompress the nerve, and had since March 1992 when first diagnosed with bilateral carpal tunnel syndrome after the onset of nocturnal pain. The ALJ further found that this need for surgery

was medically caused by his work for Denton. Nevertheless, the ALJ awarded *no* compensation based on an interpretation of the "last exposure rule," § 287.063 RSMo1986.

The Commission reversed the ALJ, granted temporary total disability benefits, and directed further medical treatment, including decompression surgery. While adopting the factual findings of the ALJ, the Commission reversed because of an erroneous interpretation of the law. As to questions of law, this Court conducts an independent review. § 287.495 RSMo1994; *see also Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527 (Mo. banc 1993).

## II.

According to Denton, the Commission erred in finding for Johnson because § 287.063 RSMo1986—the "last exposure rule"—relieves it of liability since Johnson was last exposed to the hazard of his occupational disease while employed at Lock and Sand. Section 287.063.2 RSMo1986 provides:

> The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease *for which claim is made* regardless of the length of time of such last exposure. (emphasis added).[1]

The Commission concluded that this statute places liability "on the employer in whose employment the employee was last exposed to the hazard of the occupational disease *prior to* the diagnosis of the disease or disability."

Denton counters that the statute does not refer to "diagnosis" or "disability" and thus cannot be interpreted as the Commission did. Rather, Denton claims that regardless of when the disease developed or was diagnosed, the liable employer is the last employer *ever* to expose the employee to the occupa-

---

1. In 1993, section 287.067.7 RSMo. was enacted, providing:

   With regard to occupational disease due to repetitive motion, if the exposure to the repetitive motion which is found to be the cause of the injury is for a period of less than three months and the evidence demonstrates that the exposure to the repetitive motion with a prior employer was the substantial contributing factor to the injury, the prior employer shall be liable for such occupational disease.

tional hazard. Though the parties earnestly request a ruling on this point, this Court need not address it in order to decide this case.

In its interpretation of § 287.063, Denton ignores the phrase "for which claim is made." This phrase makes clear that in order to determine the employer liable for a particular occupational disease, it is *first* necessary to evaluate the nature of the claim at issue.

▮ Johnson's claim was clearly for the disease he incurred while working for Denton and had nothing to do with Lock and Sand. Most instructive is the date on which claim was made. Based on the allegations of the claim as admitted in the answer, Johnson filed his claim against Denton immediately after being terminated and prior to starting work with Lock and Sand. The starting point in applying the last exposure rule is that the employer liable for compensation is the last employer to expose the employee to the occupational hazard prior to the filing of the claim. Therefore, Denton was the employer in whose employment Johnson was last exposed to the hazard of the disease *for which claim is made.*

### III.

Denton also argues that the Commission erred as a matter of law in requiring the company to provide Johnson "appropriate medical treatment, including decompression surgery." Denton asserts that the Commission may not order specific medical procedures.

Two opposing doctors testified about the extent of Johnson's disease and the treatment needed to relieve his carpal tunnel syndrome. The employer's doctor testified that Johnson did not need surgery. Johnson's doctor testified that Johnson did require decompression surgery. The Commission chose to adopt the position of Johnson's doctor, ordering Denton to provide appropriate treatment, including surgery.

▮ The decision to accept one of two conflicting medical opinions is an issue of fact for the Commission. *Marcus v. Steel Constructors, Inc.,* 434 S.W.2d 475, 479 (Mo. 1968). This Court defers to the Commission on issues involving the credibility of witnesses and the weight given to testimony. *Alexander,* 851 S.W.2d at 527. The Commission's finding will not be disturbed unless it is not supported by competent and substantial evidence. *Mo. Const. art. V, § 18.* Thus, the Commission's decision to believe Johnson's doctor regarding decompression surgery is well within the Commission's authority. *See Jacobs v. Ryder System/Complete Auto Tr.,* 789 S.W.2d 233, 235–36 (Mo. App.E.D.1990). The award is clearly supported by competent and substantial medical evidence.

### IV.

The award of the Commission is affirmed.

HOLSTEIN, C.J., PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and CROW, Special Judge, concur.

WHITE, J., not participating because not a member of the Court when case was submitted.