**David J. LOCOCO, Employee,**

**v.**

**HORNBERGER ELECTRIC, INC./SAFE-CO INSURANCE COMPANY, Appellant/Employer/Insurer,**

**and**

**Ohio Casualty Insurance Company, Respondent/Insurer.**

No. 67349.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 23, 1996.

Robert Edward Bidstrup, Karen A. Mulroy, St. Louis, for appellant.

Brian J. Dean, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Safeco Insurance Company ("Safeco"), appeals from the Final Award of the Labor and Industrial Relations Commission ("Commission") affirming the award of the Administrative Law Judge ("ALJ") holding Safeco, the first of two successive insurers, liable for payment of compensation for the occupational disease of carpal tunnel syndrome. This case was transferred to the state Supreme Court, which retransferred to this Court for reconsideration in light of *Johnson v. Denton Construction Company,* 911 S.W.2d 286 (Mo. banc 1995). We reverse the award of the Commission.

David Lococo ("employee") was employed by Hornberger Electric ("employer") as an electrician during the period of time relevant to this case. Employee's work required repetitive movement with pliers and wire. It was necessary for employee to do a lot of twisting and pulling to strip and pull wires into position. The nature of employee's work remained continuous throughout his employment with employer.

In December 1990, employee began having complaints of pain, tingling, and numbness in his right hand. Employee sought medical advice in January of 1991 from his personal physician, Dr. Kaup. An EMG and nerve conduction velocity examination were scheduled for the next day at Christian Hospital Northeast. The tests were interpreted by Dr. Eli Shuter. He determined employee suffered from right carpal tunnel syndrome with compression of the right ulnar nerve in Guyon's canal. Employee returned to Dr. Kaup for treatment on February 14, 1991.

On February 20, 1991, employee was examined by Dr. Paul Sheehan. Dr. Sheehan prescribed the use of a wrist splint for one week. Although employee felt some relief from use of the splint, shortly after discontinuing use the pain returned even worse than before. Employee underwent right carpal tunnel release surgery on March 12, 1991. Employee missed no work due to his carpal tunnel syndrome until this surgery. Employee filed a claim for compensation on May 3, 1991.

The depositions of Drs. Joseph Morrow and Ralph Graff were submitted into evidence. Both doctors opined employee's carpal tunnel syndrome manifested itself and was diagnosed in January 1991. There was no dispute that employee's condition was the result of his work for Hornberger Electric.

At the hearing on this matter before the ALJ, the following stipulations were entered into and included in the ALJ's Findings of Fact and Rulings of Law:

The parties stipulated Claimant was employed by Employer on the date reflected in the Report of Injury and Claimant sustained occupational disease arising out of and in the course of employment, i.e. exposure to a hazard during employment. Claimant was earning an average weekly wage of $707.20 on said date resulting in applicable compensation rates of $397.50 for temporary total disability benefits and $198.75 for permanent partial disability benefits. Unpaid medical expenses total $4,107.80. Unpaid temporary total disability benefits are $2,328.24. The parties further stipulated Claimant sustained twenty-one percent PPD of the right wrist (175 week level), or $7,304.06. The SIF liability is ten percent of the body as a whole referable to the cardiovascular system, or $7,950.

The parties further stipulate that Safeco ... had coverage for the period commencing February 20, 1990 and ending 12:01 a.m. on February 20, 1992 [sic]. Further, the Ohio Casualty Company ... had coverage for the period commencing February 20, 1991 and ending February 20 [sic] 1992.

The single issue for determination at the hearing was the liability of each insurer. The ALJ determined Safeco carried sole liability for employee's disability. Upon review, the ALJ's award was affirmed and his decision was adopted by the Commission. This appeal ensued.

Safeco raises one point on appeal, contending the Commission erred in holding Safeco liable because it was the first insurer in time. We agree.

While factual determinations of the Commission are reviewed in the light most favorable to the Commission, decisions that are clearly interpretations or applications of law are not accorded any deference by the reviewing court. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991).

In determining the liability of the insurers, we are governed by RSMo § 287.063 (1986).[1] RSMo § 287.063.2 states:

2. The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of

---

1. Although this statute was amended in 1993, it is the 1986 version which controls here.

the occupational disease for which claim is made regardless of the length of time of such last exposure.

It is a well-accepted principle of workers' compensation law that a reference to the employer also includes his insurer. *Simmer-* *ly v. Bailey Corp.,* 890 S.W.2d 12, 14 (Mo. App.S.D.1994).

In reaching our conclusion herein, we find a chart developed by the ALJ helpful and include it with modifications for the sake of clarity.

| Event | Date | Insurer |
| --- | --- | --- |
| Onset of symptoms | 12/90 | Safeco |
| Physical exam | 1/29/91 | Safeco |
| Diagnosis of carpal tunnel syndrome | 1/30/91 | Safeco |
| Initial treatment | 2/14/91 | Safeco |
| Splints prescribed | 2/20/91 | Safeco [2] |
| Surgery is recommended | 2/26/91 | Ohio |
| Surgery performed | 3/12/91 | Ohio |

Where the issue for determination is which of two successive insurers is responsible for the employee's claim, courts look to the insurer providing coverage at the time employee was last exposed to the hazard before becoming disabled, or incapacitated from work. *Simmerly,* 890 S.W.2d at 14 (citing *King v. St. Louis Steel Casting Co.,* 353 Mo. 400, 182 S.W.2d 560, 562 (1944)); *Tunstill v. Eagle Sheet Metal Works,* 870 S.W.2d 264, 271–272 (Mo.App.S.D.1994); *Bollmann v. Certain–Teed Products Corp.,* 651 S.W.2d 613, 615–616 (Mo.App.E.D.1983).

In light of the timing of these events and the provisions of RSMo § 287.063.2, it is obvious "employee was last exposed to the hazard of the occupational disease for which claim is made" after Ohio Casualty Insurance Company had assumed the liability coverage for employer. Employee's carpal tunnel syndrome became disabling, and therefore compensable, at the time of employee's surgery. Ohio Casualty was employer's insurer when employee was last exposed to the hazards of carpal tunnel syndrome prior to this surgery. Consequently, based on the "last exposure rule" of RSMo § 287.063.2, Ohio Casualty is the liable insurer.

The Supreme Court's decision in *Johnson v. Denton Construction Company,* 911 S.W.2d 286 (Mo. banc 1995), does not change this result. *Johnson* addressed the liability of successive *employers* under the last exposure rule: "The starting point in applying the last exposure rule is that the employer liable for compensation is the last employer to expose the employee to the occupational hazard prior to the filing of the claim." At 288. Here, we are asked to determine the liability of successive *insurers.* Ohio Casualty provided employer's coverage when employee was last exposed to the occupational hazard for which claim is made. Therefore, Ohio Casualty is the liable insurer under *Johnson* as well.

Accordingly, we reverse the decision of the Commission and find Ohio Casualty Insurance Company responsible for all benefits payable pursuant to the award of the Commission.

REINHARD, P.J., and CRAHAN, J. concur.

---

**2.** Safeco's coverage ended at one minute past midnight on the twenty-first day of February, 1991. Ohio Casualty Insurance Company's coverage began on February 21, 1991 and continued through February 21, 1992.