**Teddy C. WALKER,**
**Employee/Respondent,**

v.

**KLARIC MASONRY, INC., and U.S. Fire Insurance Company, Employer/Insurer–Appellant/ Cross–Respondent,**

**and**

**Grant Bricklaying, Inc., and General Accident Insurance Company, Employer/Insurer–Respondent/ Cross–Appellant.**

**No. 69947.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 5, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

Application to Transfer Denied
Feb. 25, 1997.

Edward A. Stierberger, Hensen, Stierberger, Downard & Milenbrink, Union, for Employee/Respondent.

John J. Mohan, Margaret A. Hesse, Hinshaw & Culbertson, St. Louis, for Employer–Appellant/Cross–Respondent.

Jeffrey M. Proske, St. Louis, for Employer–Respondent/Cross–Appellant.

GERALD M. SMITH, Judge.

Employer, Klaric Masonry Inc., appeals from an award by the Labor and Industrial Relations Commission determining that Klaric is responsible for providing medical treatment to Teddy Walker for radial tunnel syndrome. Grant Bricklaying, Inc. appeals from the failure of the Commission to award it medical and disability payments it has already expended on Walker's behalf. We affirm and remand to the Commission.

Walker is a bricklayer and worked for Grant Bricklaying, Inc. when he first experienced difficulty in his left arm. The condition was diagnosed as "lateral epicondylitis with extensor tendinitis". Walker did not

return to work for two and one-half months and received physical therapy. When he was released to return to work at Grant, he was told there was no work for him and he should go on unemployment. He found work at another employer but left there after one and one-half weeks and took a job with Klaric because he thought the job would be easier on his arm. The pain became greater and Walker again stopped working and had surgery on his arm.

Following physical rehabilitation he returned to Klaric but shortly thereafter redeveloped pain in the arm. He was seen by an orthopedic physician who diagnosed the problem as radial tunnel syndrome and recommended surgery to correct the condition. It was the doctor's opinion that Walker had initially sustained the condition at Grant and that the lateral epicondylitis and radial tunnel syndrome co-existed prior to the earlier surgery but the latter condition was masked by the former condition, a not uncommon situation. The doctor did opine that the work at Klaric aggravated the radial tunnel syndrome. Walker ceased work at Klaric and filed his worker's compensation claim a month later. It was filed against both Grant and Klaric. Until that time Grant had provided Walker's worker's compensation benefits.

The Commission determined that under the "last exposure" rule Klaric was responsible for the surgery to be performed to correct the radial tunnel syndrome. The Commission did not award Grant the money it had expended for medical treatment and temporary total disability on Walker's behalf.

Section 287.063.1 RSMo 1994 provides:

An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists, subject to the provisions relating to occupational disease due to repetitive motion as is set forth in subsection 7 of section 287.067, RSMo.

The referenced section provides a three month window for repetitive motion diseases during which the presumption is not conclusive. If the exposure to the repetitive mo-

tion which causes the disease is less than three months and the evidence establishes "that the exposure to the repetitive motion with a prior employer was the substantial contributing factor to the injury, the prior employer shall be liable for such occupational disease."

In *Johnson v. Denton Construction Company,* 911 S.W.2d 286 (Mo.banc 1995)[1,2] the court held that "The starting point in applying the last exposure rule is that the employer liable for compensation is the last employer to expose the employee to the occupational hazard prior to the filing of the claim." The medical evidence here justified a finding by the Commission that Walker's employment at Klaric exposed him to the occupational hazard of radial tunnel syndrome and that Klaric was the employer responsible for providing medical treatment for that condition.

■ Klaric contends that the language of the *Johnson* case "the starting point" indicates that matters other than the date the claim is filed may be considered in determining liability for occupational diseases. The essence of the argument is that causation should be determined. Whatever the fairness of that approach the legislature has determined that a bright line conclusive presumption is to be utilized in establishing liability for occupational diseases. Only if the exception found in § 287.067(7) (the three month window) is applicable is the Commission or this court authorized to make a determination of causation. That exception is not applicable here. The Commission correctly determined that Klaric was responsible for providing the medical treatment for the radial tunnel syndrome and any temporary disability resulting therefrom.

■ The award of the Commission was not a final award. Normally we would not have jurisdiction over temporary or partial awards. *Stufflebean v. Crete Carrier Corporation,* 895 S.W.2d 115 (Mo.App.1995)[1–4]. However, where the issue to be determined is liability, appeal of a temporary or partial award can be proper. *Id.; Woodburn v. May Distributing Co., Inc.,* 815 S.W.2d 477 (Mo.App.1991)[1]. We have therefore decided the issue of the liability of Klaric for the

medical treatment to be furnished in the future. The issue of payments already made is not a final award and the considerations which justify review of temporary or partial awards where liability for making payments at all is at issue do not apply to that question. We therefore do not have jurisdiction of Grant's cross-appeal and dismiss it without prejudice.

Award concerning future medical treatment and disability arising therefrom is affirmed and the matter is remanded to the Commission for further proceedings.

CRANE, P.J., and PUDLOWSKI, J., concur.