Joyce **CRABILL**, Claimant–Appellant,

v.

**HANNICON d/b/a Dura Automotive and Reading Tube, Employers–Respondents.**

No. 72683.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 3, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 18, 1998.

Application for Transfer Denied April 21, 1998.

---

Davis Terrell, Vicki A. Dempsey, Hannibal, for appellant.

Alan Cotton, St. Louis, Rick L. Montgomery, Columbia, Christine Miller, Robert E. Bidstrup, Carol T. Clark, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Joyce Crabill (Claimant) appeals from the Labor and Industrial Relations Commission's (Commission) denial of her claim for a

temporary award.[1] Claimant contends the Commission erred: (1) in finding the date of placement on light duty as the date of disability because the record supports a finding medical advice was sought prior to placement on light duty; (2) in finding Hannicon d/b/a Dura Automotive (Hannicon) was not liable in its self-insured phase; and (3) in applying the last exposure rule to deny coverage by Reading Tube (Reading). We affirm.

Claimant was employed, using her hands, on the factory line at Hannicon, from February through October, 1994. She left Hannicon and began to work at Reading on November 29, 1994, where she used her hands to tighten coils after they came out of the furnace.

Claimant filed applications for temporary awards in three separate work-related claims: (1) against Hannicon on February 2, 1995, listing Management Services (self-insurance) as the insurer, for pain in both wrists from repetitive movement; (2) against Hannicon on February 2, 1995, listing Travelers as the insurer, for pain in her right arm and shoulder after a couple of hours of blowing air into hoses; and (3) against Reading on March 14, 1996, listing Zurich American as insurer for pain in both wrists from repetitive movement. On July 30, 1996, a hearing was held on Claimant's three claims. The following Findings of Fact and Conclusions of Law were made by the Administrative Law Judge (ALJ) and adopted by the Commission:

| | |
|---|---|
| February 1994 | Claimant began employment at Hannicon, which was self-insured for workers' compensation. |
| June 17, 1994 | Claimant first noticed wrist pain, reported it to supervisor, continued to work. |
| July 22, 1994 | Claimant reported wrist pain to plant nurse, advised to take medication, continued to work. |
| August 1, 1994 | Claimant complained of wrist pain to plant nurse, advised to use ice pack, continued to work. |
| August 31, 1994 | Last day Hannicon self-insured. |
| September 1, 1994 | Travelers begins as Hannicon's insurer. |
| September 9, 1994 | Claimant experiences shoulder pain. |
| October 6, 1994 | Plant nurse places Claimant on light duty. |
| October 25, 1994 | Claimant leaves employment at Hannicon. |
| November 29, 1994 | Claimant begins work at Reading. |
| January 15, 1996 | Claimant first diagnosed with bilateral carpal tunnel syndrome, requiring surgery. |

Further, the ALJ found Dr. Christopher Michael Bieniek, witness for Claimant, testified both diabetes and her work at Hannicon contributed to the carpal tunnel syndrome, but her work at Reading did not contribute to the carpal tunnel syndrome. Dr. Crandall, witness for Hannicon, was not asked about the work at Reading as a contributing factor to her carpal tunnel syndrome. The ALJ further found a change of insurer is deemed a change in employers for purposes of determining the last exposure liability. Thus, the ALJ found Claimant's employment at Hannicon must be construed as two distinct periods of employment, with one prior to and one after September 1, 1994, the date when Hannicon changed insurers.

The ALJ further found:

In *Johnson v. Denton Construction Company*, 911 S.W.2d 286 (Mo.1995), the Supreme Court held that: "The starting point in applying the last exposure rule is that the Employer liable for compensation is the last employer to expose the employee to the occupational hazard prior to the filing of the claim." Dr. Bieniek, Claimant's primary expert witness, did not feel

---

1. Although an award is temporary, appellate review is permissible if the issue before the court is liability. *Walker v. Klaric Masonry, 937 S.W.2d* 219, 220–221, (Mo.App. E.D.1996); *Woodburn v. May Distributing Co., Inc.,* 815 S.W.2d 477, 480–481 (Mo.App.1991).

that the employment at Reading Tube had any effect on Claimant's acquisition of bilateral carpal tunnel syndrome. Dr. Bieniek testified to the occupational hazard at Hannicon, and the causation of the work at Hannicon as causing the carpal tunnel syndrome, but Dr. Bieniek did not differentiate between the work Claimant did at Hannicon prior to September 1, 1994, as opposed to the work done after September 1, 1994. Thus, using the Supreme Court's rationale in *Johnson,* the period of employment at Hannicon *after* September 1, 1994, when Travelers was the insurer, would be the period of such last exposure.

The ALJ further found the disability occurs when the employee loses time from work. Thus, the date of disability, according to the ALJ, was October 6, 1994, when the employee was put on light duty, because Claimant had lost no time from work. Therefore, Travelers would be the responsible insurer. However because Claimant never filed a claim against Travelers,[2] the ALJ concluded no award can be made against Hannicon, Travelers, or Reading. On appeal, the Commission affirmed.

We review the Commission's findings of fact in the light most favorable to the Commission. *Lococo v. Hornberger Elec., Inc.,* 914 S.W.2d 67, 68 (Mo.App. E.D.1996). We review questions of law without deference to the Commission. *Id.*

We address Claimant's third point first. In her third point, Claimant argues, in the alternative, the Commission erred in applying the last exposure rule to deny coverage by Reading. She argues that Dr. Bieniek's undisputed testimony is that she was last exposed at Reading. Thus, the doctor's testimony meets "the requirement of Section 287.063(2) regarding exposure to the hazard of developing occupational disease." Reading responds that Claimant's point was not properly before the Commission because she failed to raise the issue in her Application for Review before the Commission. Finally, Reading asserts that Claimant's third point has not been preserved and is not available for review by this court.

We begin our review by looking to the last exposure rule, Section 287.063, RSMo 1994, which follows:

1. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists, subject to the provisions relating to occupational disease due to repetitive motion, as is set forth in subsection 7 of section 287.067, RSMo.

2. The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length of time of such last exposure.

"The starting point in applying the last exposure rule is that the employer liable for compensation is the last employer to expose the employee to the occupational hazard prior to the filing of the claim." *Johnson v. Denton, Const. Co.,* 911 S.W.2d 286, 288 (Mo. 1995). The *Johnson* court recognized the plain meaning of the statute. It held that the employer liable for an occupational disease disability is the employer who last exposed claimant to the occupational hazard in the workplace, whenever that date may be. It is necessary that claimant prove: (1) exposure to a hazard which causes an occupational disease; and (2) when the last exposure occurred prior to filing the claim.

A review of the record reveals that Dr. Bieniek first testified regarding the history given to him by Claimant. He testified Claimant did not feel her work at Reading contributed to the carpal tunnel syndrome, because it was not unduly uncomfortable. Nevertheless, he gave his opinion that the work she performed at Reading contributed to the carpal tunnel syndrome. His pertinent testimony follows:

Q. [by Mr. Montgomery] With regard to her last job at Reading Tube, do you—you indicated that she described to you having done something. She tightened coils of

2. The ALJ further found Claimant is free to file a claim against Travelers now.

copper placing her right hand on top of the coil and using the left hand to push forward the coils to tighten the wrap, right?

A. [by Dr. Bieniek] Yes.

Q. Would you agree that's just as likely to have contributed to the carpal tunnel syndrome as lifting a hose up to something to blow air into it?

A. Based on my understanding of it, as well as my evaluation of people from that employer, having developed it from that specific activity, yes.

■ Dr. Bieniek's testimony directly contradicts the finding made by the ALJ that the work at Reading did not contribute to Claimant's carpal tunnel syndrome. The doctor clearly states that the work Claimant performed at Reading is as likely to have contributed to carpal tunnel syndrome as the work she performed previously, referring to her work at Hannicon.

Pursuant to the last exposure rule, and in the light of Dr. Bieniek's testimony, we find that Reading, rather than Travelers, is the employer who last exposed Claimant to carpal tunnel syndrome prior to her filing her claim. As *Johnson* points out, the last exposure rule determines which employer is liable in an occupational disease case. The employer who last exposes an employee to an occupational hazard for which claim is made, prior to the filing of the claim, is the employer who is liable. Accordingly, Reading, rather than Travelers, would have been liable under the last exposure rule.

■ At oral argument and in its brief, Reading asserted the exception to the last exposure rule, Section 287.067(7), which follows in pertinent part:

... if the exposure to the repetitive motion which is found to be the cause of the injury is for a period of less than three months and the evidence demonstrates that the exposure to the repetitive motion with a prior employer was the substantial contributing factor to the injury, the prior employer shall be liable for such occupational disease.

Also at oral argument and in its brief, Reading asserted Claimant filed her claims before it had employed her for three months, exempting it from liability. A review of the record before the ALJ reveals Reading failed to raise such a defense. Furthermore, Reading did not adduce any evidence that a prior employer "was the substantial contributing factor" for the occupational disease as required by Section 287.067(7). Additionally, the record reveals Claimant filed her claim against Reading in March 1996, more than a year after she began working there. Thus, Reading's argument is not persuasive.

■ However, Claimant was required to appeal the ALJ's findings pertaining to Reading's liability on the Application for Review filed with the Commission. *Vinson v. Curators of University of Missouri,* 822 S.W.2d 504, 508–509 (Mo.App.1991). Claimant failed to mention the Reading claim in the Application.[3] Thus, Claimant has failed to properly preserve the point for review. Therefore, although Reading would have been liable under the last exposure rule, Claimant's failure to ask the Commission to review the ALJ's decision in regard to Reading was fatal. Claimant's Point Three is denied.

■ In her first point, Claimant claims the Commission erred in finding the date of placement on light duty as the date of disability because the record supports a finding medical advice was sought prior to placement on light duty. Pursuant to the last exposure rule, determination of liability is not dependent upon the date of disability. The last exposure rule is not a rule of causation. Instead, as previously discussed, liability falls on the last employer to expose Claimant to the occupational hazard for which claim is made. *Johnson v. Denton, Co.,* 911 S.W.2d at 288. Thus, Claimant's argument that disability occurred on the date medical advice was sought is without merit. Claimant's Point One is denied.

■ In her second point, Claimant claims the Commission erred in finding Hannicon was not liable in its self-insured phase.

---

3. The fact that the ALJ addressed three separate claims in one award does not relieve Claimant of the obligation to clearly delineate the particular claims sought to be reviewed by the Commission.

Claimant argues that a change in insurers is treated as a change in employers, invoking the three-month exception to the last exposure rule. The rule clearly provides for liability to fall upon the last employer to expose Claimant to the occupational hazard for which claim is made. In this case, Claimant's last exposure did not occur at Hannicon. Thus, Hannicon is not liable while self-insured or while insured by Travelers. Claimant's Point Two is denied.

Affirmed.

SIMON and HOFF, JJ., concur.