

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JAMES F. GREEN, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | **WD85108** |
| | ) | |
| | ) | **OPINION FILED:** |
| DIVISION OF EMPLOYMENT | ) | **August 30, 2022** |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Two:** Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

Mr. James F. Green ("Green") appeals from the Decision of the Labor and Industrial Relations Commission ("Commission") affirming and adopting the decision of the Appeals Tribunal, which affirmed the Division of Employment Security's ("Division") determination disqualifying Green from receiving unemployment benefits because he quit his employment voluntarily without good cause attributable to the work or to the employer. Due to numerous and extensive appellate briefing rule violations, we dismiss Green's appeal.

**Factual and Procedural Background**[1]

Green was employed by Jackson Brothers of the South, LLC ("Employer") as the human resources director on July 2, 2012. During the COVID pandemic, Green worked remotely from his home in Missouri. On May 20, 2020, Mr. Darwin Dickford, Chief Executive Officer of Employer, and Green had a conversation as to why Green needed to maintain office space and office hours at the Employer's St. Charles, Missouri location. Mr. Dickford sent Green an email on May 20, 2020, that the human resources director needed to maintain a physical presence either in St. Charles, Missouri, or Springfield, Missouri. Thereafter, Green moved his wife and son to Florida and listed his house in Dardenne Prairie, Missouri, for sale on September 1, 2020. On September 23, 2020, Green proposed to Mr. Nick Branham, the owner of Employer, that Green work remotely from Florida instead of Missouri. Green proposed that he would come back to Missouri one week out of the month to do safety training. Mr. Branham said he would discuss the proposal with Mr. Dickford and get back to Green. After Mr. Branham and Mr. Dickford discussed Green's proposal, the decision was made that the company did not want the work done remotely. On September 30, 2020, Green called Mr. Branham to inquire as to the company's decision. Mr. Branham told him that the company had decided to go a different direction and that he was being replaced. Green's replacement was hired on October 5, 2020. Green continued to work for Employer while training his replacement. Green was paid through December 3, 2020.

Green applied to the Division for unemployment benefits. Employer protested on the basis that Green made the decision to move from Missouri to Florida and quit his employment of his own volition. The Division's deputy determined that claimant was disqualified for benefits from

---

[1] "[I]n unemployment benefit cases, we do not view the facts in the light most favorable to the Commission's decision; instead, we view the evidence objectively. However, on matters of witness credibility, we will defer to the Commission's determinations." *Piloski v. Div. of Emp't Sec.*, 503 S.W.3d 253, 256 n.1 (Mo. App. W.D. 2016) (internal quotation marks omitted).

2

December 6, 2020, because he left work voluntarily on December 3, 2020, without good cause attributable to the work or employer.

Green appealed to the Division's Appeals Tribunal. At the hearing, Green, Ms. Janet Hirsch, Green's replacement, and Mr. Dickford testified. Mr. Dickford testified that Mr. Branham informed him that Green and his family were moving to Florida and that Green proposed to work remotely, despite Mr. Dickford having warned Green that, as Employer's Human Resource Director, Green needed to maintain a physical presence locally in Missouri. Mr. Dickford further testified that it was Green's decision to move to Florida with his family, and it was never discussed that Green would offer to return to Missouri to live and work for Employer in Missouri. Green testified that he simply asked about working remotely from Florida and that he never stated verbally or in writing that he was quitting his position. The Appeals Tribunal found that on September 22, 2020, Green notified Employer that he was relocating from Missouri to Florida and asked if he could work remotely, but Employer denied his request. The Appeals Tribunal further found that Green quit to relocate and that Green's testimony that he did not quit, but was, instead, discharged by the employer "was self-serving, against the great weight of the evidence, and ultimately not credible. Instead, the credible evidence shows that the claimant quit effective December 3, 2020." The Appeals Tribunal affirmed the Division's deputy's determination.

Thereafter, Green applied to have the Appeals Tribunal's decision reviewed by the Commission. The Commission affirmed the decision of the Appeals Tribunal, adopting it as the decision of the Commission.

Green appeals.

**Standard of Review**

Appellate review of decisions by the Commission is governed by article V, section 18 of the Missouri Constitution and section 288.210. We may modify, reverse, remand for rehearing, or set aside the decision of the Commission only if we find one of the following:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

§ 288.210.

**Analysis**

In its entirety, Green's sole point relied on states: "The [Commission] erred in determining that Green voluntarily quit because he moved to Florida because his employer could not produce any documentation showing that Green voluntarily quit verbally or in writing."

Green appeals *pro se*. "We hold *pro se* appellants to the same procedural rules as attorneys; we do not grant them preferential treatment regarding compliance with those rules." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id.* (internal quotation marks omitted). "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Id.* (internal quotation marks omitted). "This is particularly true where, as here, we cannot competently rule on the merits of [the appellant's] argument without first reconstructing the facts . . . and then refining and supplementing [his] points and legal argument." *Id.* (internal quotation marks omitted).

This Court struck Green's initial brief for numerous violations of Rule 84.04. Green was given the opportunity to file an amended brief to correct those violations. The Division moved this Court to dismiss Green's appeal due to his failure to comply with Rule 84.04. The Division's motion was taken with the case. Green's amended brief still fails to adequately comply with Rule 84.04's requirements for the contents of appellate briefs.

Rule 84.04(c) requires the appellant to provide "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Green does not provide a fair and concise statement of the facts necessary to resolve the claims that he purportedly attempts to raise in his appeal. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Wallace*, 546 S.W.3d at 626 (internal quotation marks omitted). Green fails to fulfill this purpose. His "facts" primarily restate his version of events and argue, based on his version of events, that the Commission erred in finding that he voluntarily left his employment without good cause. Thus, Green fails to provide a "fair and concise" statement of the facts necessary to resolve the issues "without argument," as required by Rule 84.04(c). In addition, the majority of the statements in Green's Statement of Facts lack specific page references to the legal file or transcript in violation of Rule 84.04(c).

Green's "Points Relied On" also fail to comply with Rule 84.04. Rule 84.04(d)(2) requires that, where the appellate court reviews the decision of an administrative agency, each point shall: "(A) Identify the administrative ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2) instructs that:

> The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the*

*claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*].”

"Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). Here, Green's point does not "state concisely the legal reasons for [his] claim of reversible error," nor does it include a "reference to the applicable statute authorizing review," nor does it "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2)(B) and (C). "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Wallace*, 546 S.W.3d at 627 (internal quotation marks omitted). We have explained:

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Id*. at 627-28. "It is improper for us to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Id.* at 628 (internal quotation marks omitted). "We would, in effect, be assuming the role of appellant's advocate, which is an inappropriate role for [this] court." *Id.* (internal quotation marks omitted). "Points that do not comply with the dictates of Rule 84.04(d) preserve nothing for our review and constitute grounds to dismiss." *Id*.

The "Argument" in Green's brief is also deficient. "To develop a point relied on, the argument should show how the principles of law and the facts of the case interact." *Id*. (internal quotation marks omitted). Here, the substance of Green's argument is wholly inadequate. He

6

submits a one-paragraph argument that does not compare the facts of the case to any relevant principles of law and lacks any pertinent legal analysis. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Id*. "When an appellant fails to support contentions with relevant law and analysis beyond conclusory statements, we deem the point abandoned." *Id*. Additionally, Green's argument does not include "a concise statement describing whether the error was preserved for appellate review" and, "if so, how it was preserved." Rule 84.04(e).

Given Green's repeated failure to comply with Rule 84.04, we are compelled to dismiss his appeal. Generally, as a matter of discretion, we will review on the merits where disposition is not hampered by rule violations, but this is not such a case.[2]

### Conclusion

The Division's motion to dismiss, taken with the case, is granted, and Green's appeal is dismissed.

/s/ *Mark D. Pfeiffer*
Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur.

---

[2] Even were we to review the merits of Green's appeal *ex gratia*, Green would not prevail. Pursuant to section 288.050.1(1), a claimant is disqualified from receiving unemployment compensation if "the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer." "The Commission's determination of whether an employee voluntarily left [his] employment or was discharged is a factual determination, and we will defer to the Commission as to its finding that the claimant left her employment voluntarily." *Quik 'N Tasty Foods, Inc. v. Div. of Emp't Sec.*, 17 S.W.3d 620, 624 (Mo. App. W.D. 2000). Our standard of review requires that we "'defer[ ] to the Commission on issues involving the credibility of witnesses and the weight given to testimony.'" *Wayne v. Div. of Emp't Sec.*, 600 S.W.3d 29, 34 (Mo. App. W.D. 2020) (quoting *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 288 (Mo. banc 1995)). "When the Commission, as a trier of fact, has reached one of two possible conclusions from the evidence, we will not reach a contrary conclusion even if we might have reasonably done so." *Menley v. JJF & C, LLC*, 637 S.W.3d 687, 690 (Mo. App. E.D. 2021) (internal quotation marks omitted). The Commission found that Green's testimony that he did not quit was not credible: "During the hearing, [Green] testified that he did not quit, but was, instead, discharged by the employer. This evidence and testimony was self-serving, against the great weight of the evidence, and ultimately not credible. Instead, the credible evidence shows that the claimant quit effective December 3, 2020." Were we to consider the substantive merits of Green's appeal, we would have been required to defer to the Commission's factual determination that Green's testimony was not credible and that Employer's testimony that Green voluntarily quit to move to Florida was more credible, and we would not, consequently, have chosen to disturb that credibility finding on appeal. *Menley*, 637 S.W.3d at 690.