

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| TIMOTHY WHITE, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **WD76431** |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | **FILED: May 27, 2014** |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Two: Victor C. Howard, P.J., and Alok Ahuja
and Anthony Rex Gabbert, JJ.**

Timothy White's employment at Centerpoint Medical Center was terminated in December 2012. White applied for unemployment compensation benefits. Centerpoint protested his claim, arguing that White was discharged for misconduct: watching television for an extended period while he was clocked in and should have been working. The Labor and Industrial Relations Commissionfound that White was disqualified from receiving benefits because he had been discharged for misconduct connected with work. White appeals. We reverse.[1]

---

[1] We express our appreciation to Associate Dean Jeffrey B. Berman, and student James Breckenridge, of the Appellate Practice Clinic of the University of Missouri-Kansas City School of Law, who represented White in this appeal on a *pro bono* basis.

**Factual Background**

Timothy White began working at Centerpoint Medical Center in December 2010 as a floor technician or housekeeper. White suffers from diabetic neuropathy, which causes periodic bouts of pain in his hands and feet. White had informed his employer of this condition, and had been given permission to sit when needed to alleviate the pain.

On December 7, 2012, White was responsible for cleaning in the emergency room area. He was experiencing pain related to his medical condition, and felt that he needed a break because of the pain in his feet. White sat down in an unoccupied examination room to rest his feet.

The parties disputed what happened next. Centerpoint claimed that White watched television in the examination room for one hour and forty minutes, while remaining on the clock. On the other hand, White claimed that he was in the room for no more than thirty minutes, and that he had permission from his immediate supervisor to rest when he felt it was necessary.

White was discharged by Centerpoint on December 13, 2012. Centerpoint stated that the reason for the discharge was because White was watching television for one hour and forty minutes when he should have been working.

White applied for unemployment benefits on December 20, 2012. Centerpoint protested White's claim, contending that he was discharged for misconduct, and therefore ineligible for benefits. A deputy in the Division of Employment Security found that White was not disqualified from benefits, because his discharge was not for misconduct. Centerpoint appealed. The Division's Appeals Tribunal reversed the deputy's determination, and found that White's discharge was "for misconduct connected with work." The Appeals Tribunal's decision was affirmed and adopted by the Labor and Industrial Relations Commission.

White appeals.

**Standard of Review**

Appellate review of a decision made by the Commission is governed by section 288.210. We may not reverse, remand, or set aside the Commission's decision unless the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision was not supported by the facts, or the decision was not supported by sufficient competent evidence in the whole record to warrant the making of or the denial of the award.

*Kimble v. Div. of Emp't Sec.*, 388 S.W.3d 634, 638 (Mo. App. W.D. 2013) (footnote, citations and internal quotation marks omitted).

**Analysis**

White asserts four Points on appeal. His first Point contends that the Commission's decision must be reversed because the Commission based its denial of benefits on a finding that White had been discharged for a different reason than that to which the employer's witnesses testified. We agree, and reverse. Because White's first Point is dispositive, it is the only issue we address.

The Employment Security Law provides that a claimant may be disqualified from receiving unemployment compensation benefits "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work." § 288.050.2.[2] Misconduct is defined as:

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

§ 288.030.1(23).

---

[2] Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, updated through the 2013 Cumulative Supplement.

"In general, a claimant bears the burden of demonstrating that he or she is entitled to unemployment benefits; however, when the employer claims that the applicant was discharged for misconduct, the burden shifts to the employer to prove the claim of misconduct connected with work." *Munson v. Div. of Emp't Sec.*, 323 S.W.3d 112, 115 (Mo. App. W.D. 2010) (quoting *Peck v. La Macchia Enters.*, 202 S.W.3d 77, 80 (Mo. App. W.D. 2006)).

It is clear from Centerpoint's pleadings, and from the testimony of its witnesses, that the reason it contended it terminated White was because he took an extended, unauthorized break without clocking out. In its initial protest letter, Centerpoint claimed that White was terminated because he "was watching television for 1 hour and 40 minutes while timed in and on the clock." Centerpoint's appeal to the Appeals Tribunal repeated this statement. During the Appeals Tribunal hearing, Centerpoint's Operations Manager of Environmental Services, George Romero, testified that White was terminated because he "took an extended break watching TV . . . while he was supposed to be working," and that it was against company policy to watch television during a work shift. Similarly, Human Resources Coordinator Shanda Zornes testified that the reason for White's termination was that he "had been witnessed . . . for a long period I believe [an] hour and forty minutes in a room watching . . . sports channel . . . ." Zornes testified that Centerpoint had had prior problems with White "not working during scheduled shifts," and that he was fired, rather than receiving lesser discipline, because he had previously received warnings for similar behavior. Centerpoint did not argue that White was terminated because he took an approved break in an unapproved break area; its evidence does not support the conclusion that White would have been terminated merely because of the *location* in which he took his break (separate from the *length* of that break, or the fact that it was *unauthorized*).

4

Despite the fact that Centerpoint's pleadings and evidence contended that White was terminated for taking an extended, unauthorized break while on the clock, the Commission's decision finds that White's break was *approved*. Contrary to Centerpoint's evidence, the Commission's decision finds that the reason for White's termination, and the reason he had committed misconduct, was because he took that authorized break *in the wrong location*. The Appeals Tribunal decision adopted by the Commission finds:

> On December 12, 2012, the claimant, who suffers from diabetes, and the symptoms of neuropathy, took an approved break for at least 30 minutes. The claimant admitted that he took this break in a patient room, and that was not in an appropriate place to take his break. An appropriate break room was one floor below where the claimant was working. The claimant did not provide an explanation as to why he used the patient room instead of a designated break room.

> . . . .

> The competent and substantial evidence indicates that the employer required its employees to take breaks in designated break areas. The Appeals Tribunal concludes that the claimant willfully failed to take his break in a designated break area.

> The employer has met its burden to prove that the claimant's behavior of taking a break in a patient room was misconduct connected with work because the employer reasonably requires its employees to take their breaks away from patient rooms in designated break rooms, and the claimant's behavior was in disregard to this requirement.

The Commission's decision does not indicate that it believed that White committed the act on which Centerpoint relied to justify his termination: that he "was watching television for 1 hour and 40 minutes while timed in and on the clock." Indeed, the Commission's findings specifically state that White was on an "approved" break, which is inconsistent with Centerpoint's contention that he should have been working at the time. Moreover, the Commission's decision gives no indication that White was improperly clocked in during this

break.  The Commission attributed White's discharge solely to the fact that he was taking an approved break in an unapproved room.

"In order to constitute disqualifying misconduct, the behavior at issue must in fact have been the reason for the claimant's termination."  *Evans v. Div. of Emp't Sec.*, 354 S.W.3d 220, 225 (Mo. App. W.D. 2011).  Here, as in *Evans*, the Commission relied on a reason for termination different from the reason to which the employer's witnesses testified.  Because the Commission's finding concerning the reason for White's discharge is not supported by the employer's evidence, "the Commission lacked competent evidence in the record to find that [White's action of taking an approved break in unauthorized location] constituted disqualifying misconduct."  *Id.* at 225-26; *accord*, *Munson*, 323 S.W.3d at 115 (where the Commission relied on a reason for termination different than the reason referenced in the employer's evidence, the Commission's finding of misconduct was "wholly unsupported by the record").

In *Munson*, we remanded an unemployment compensation claim to the Commission, to allow it to make findings concerning the reason for termination on which the employer actually relied.  323 S.W.3d at 115.  Where, however, the Commission's existing decision has already made findings addressing the employer's stated reason for discharge, "[n]o remand for further factual findings is necessary."  *Evans*, 354 S.W.3d at 227.  "In these circumstances – where the Commission . . . rejected the employer's stated reason for termination – there is no basis to deny [the employee] unemployment compensation benefits, and a remand for further proceedings is unnecessary."  *Id.*

The present case is similar to *Evans*, and no remand for further proceedings is required.  Centerpoint contended that White was terminated for watching television for over one-and-a-half hours when he should have been working.  The Commission found, on the other hand, that White

6

was taking an approved break; and its decision indicates that the only infraction White committed was that he took that break in an inappropriate location.  Because the Commission's decision rejected the reason offered by Centerpoint to establish misconduct, there is no basis to deny White's claim for unemployment compensation benefits.

## Conclusion

The Order of the Commission Affirming Appeals Tribunal is reversed, and the case is remanded to the Commission for the entry of an order awarding White unemployment compensation benefits.

_____
Alok Ahuja, Judge

All concur.

7