**Patrick JACKSON, Appellant,**

v.

**WALGREEN CO. and Division of Employment Security, Respondents.**

**ED 104471**

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: March 28, 2017

Rehearing Denied April 27, 2017

Patrick Jackson, Moscow Mills, MO, pro se.

Meaghan P. Myers, Jefferson City, MO, for Respondent Missouri Dept. of Labor & Industrial Relations.

Steven E. Marsh, Springfield, MO, for Respondent Walgreen Co.

Lisa P. Page, Judge

Patrick Jackson ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") denying Claimant unemployment benefits. We affirm.

1. The full names of Appellant's coworkers in question here are redacted for their personal privacy.

## BACKGROUND

Claimant was employed since January 22, 2009 as a customer service associate, an hourly position, at Walgreen Co. in Troy, Missouri ("Walgreens"). In July 2015, it is uncontested that Walgreens communicated its "Social Media and Personal Web Sites" policy ("Social Media Policy") to Claimant. The Social Media Policy established rules that prohibited certain behavior by employees on social media and personal websites. Pertinently, the Social Media Policy read:

> **Do not harass, threaten or bully.** Team members may not defame ... other team members and should not engage in online harassment, discrimination or bullying which would be prevented in the workplace. This includes ... sexual innuendos ....
>
> [Walgreens'] team members may not engage in conduct through social media which would otherwise violate [Walgreens'] policies and practices were they to engage in the same conduct or make such statements in the workplace. Team members who fail to follow the guidelines set forth in this policy may be subject to disciplinary action, up to and including termination of employment.

On December 27, 2015, Claimant posted to a male coworker's Facebook page, a pornographic video, entitled "Black Mama White Mama (1973) Pam Grier 'Get 'em wet,'" along with the statement "I call it the [M] and [L] Expose."[1] At the time of that post, Claimant worked with two female coworkers named M and L, who did not appear in the posted video.

Upon discovering Claimant's Facebook post, M approached the assistant store manager to express her concerns. M, who

was visibly upset and distraught while discussing the post, requested Walgreens address the situation.

The assistant store manager thereafter met with Claimant about this post. When asked whether the posted video referred to M and L, Claimant answered that those names could belong to anyone. Following this meeting, Walgreens conducted an investigation in the matter, concluding that Claimant's Facebook post had violated the Social Media Policy and that Claimant would be terminated for this violation. Walgreens discharged Claimant on January 13, 2016.

Later that same day, Claimant applied for unemployment benefits with the Missouri Division of Employment Security ("DES"). This request was eventually denied after a DES deputy determined that Walgreens terminated Claimant for misconduct.

On appeal to the DES Appeals Tribunal, Claimant conceded he had posted the pornographic video, but testified that his post did not refer to his coworkers and that the post did not violate Walgreens' Social Media Policy because it was not a sexual innuendo. Claimant further testified that M and L were the names of the women in the posted video, and only coincidentally shared names with his former coworkers. However, Claimant did state that he did not personally know anyone else named M or L. Finding this testimony convincing, the Appeals Tribunal, in a written opinion, reversed the deputy's determination. The Appeals Tribunal concluded Claimant did not commit misconduct, therefore Appellant was not disqualified from receiving unemployment benefits.

Walgreens appealed to the Commission, which reversed the Appeals Tribunal decision. The Commission found Claimant's Facebook post clearly violated the Social Media Policy. The Commission concluded Walgreens had satisfied its burden of proving that Claimant was terminated for misconduct connected with work.

This appeal follows.

## DISCUSSION

In his sole point on appeal, Claimant charges error in the Commissions' decision that Claimant's actions constituted misconduct. Specifically, Claimant argues that he did not harass or bully his two coworkers using sexual innuendo in violation of Walgreens' Social Media Policy.

### Standard of Review

Article V, Section 18 of the Missouri Constitution provides for judicial review of the Commission's decision to determine whether it is "supported by competent and substantial evidence upon the whole record." Mo. CONST. art. V, § 18; see also Section 288.210.[2] Upon review, this Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission upon the following grounds and no other:

(1) when the Commission has acted without or in excess of its powers;

(2) the decision was procured by fraud;

(3) the facts found by the Commission do not support the decision; or

(4) there was no sufficient competent evidence in the record to warrant the decision.

Section 288.210.

Whether the decision is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record. Hampton v. Big Boy Steel Erection, 121 S.W.3d 220,

---

**2.** All statutory references are to RSMo Cum. Sup. 2015, unless otherwise indicated.

223 (Mo. banc 2003). "This Court defers to the Commission on issues involving the credibility of witnesses and the weight given to testimony." Johnson v. Denton Constr. Co., 911 S.W.2d 286, 288 (Mo. banc 1995). "This Court reviews questions of law *de novo*, and [w]hether the Commission's findings support the conclusion that a claimant engaged in misconduct connected with his or her work is a question of law." Fendler v. Hudson Servs., 370 S.W.3d 585, 588–89 (Mo. banc 2012).

### Analysis

■ A claimant is disqualified from receiving unemployment benefits if he was discharged for misconduct connected with work. Section 288.050.2. Relevantly, "misconduct" is statutorily defined as "conduct or failure to act in a manner that is connected with work, regardless of whether such conduct or failure to act occurs at the workplace or during work hours." Section 288.030(23). This includes a violation of an employer's rule, unless the employee can demonstrate that: (a) he or she did not know, and could not reasonably know, of the rule's requirements; (b) the rule is unlawful; or (c) the rule is not fairly or consistently enforced. Section 288.030(23)(e).

■ "In general, a claimant bears the burden of demonstrating that he or she is entitled to unemployment benefits; however, when the employer claims that the applicant was discharged for misconduct, the burden shifts to the employer to prove the claim of misconduct connected with work" by a preponderance of the evidence. Stahl v. Hank's Cheesecakes, LLC, 489 S.W.3d 338, 342 (Mo. App. E.D. 2016) (quoting White v. Div. of Emp't Sec., 431 S.W.3d 583, 586 (Mo. App. W.D. 2014)).

Here, it is undisputed Claimant posted a pornographic video to a male coworker's Facebook page and that Claimant stated "I call it the M and L Expose" in the post. Additionally, there is no dispute that Walgreens enacted a Social Media Policy prohibiting employees from engaging in online harassment, discrimination or bullying, including the use of sexual innuendos.

The Commission found the Facebook post violated the Social Media Policy, stating "[i]t is difficult to believe that an admittedly pornographic video does not constitute sexual innuendo in these circumstances." We find substantial, competent evidence on the record as a whole supports the conclusion that Claimant violated one of Walgreens' rules. Section 288.030.1(23)(e) unambiguously provides that the violation of an employer's rule constitutes misconduct *unless* the employee can demonstrate he did not know, and reasonably could not have known of the rule; that the rule was unlawful; or that the rule was not fairly or consistently enforced. In other words, though an employer bears the burden to establish misconduct connected with work, once misconduct in the form of a rule violation is established, the burden shifts to the employee to demonstrate a statutory excuse that operates to remove the rule violation from the definition of misconduct. See Stahl, 489 S.W.3d at 342.

The Commission found Claimant produced "no convincing evidence to establish that [C]laimant bears no fault for posting the video." Claimant has not challenged this finding on appeal, and, thus, concedes that he failed to demonstrate a statutory excuse for his admitted violation of Walgreen's Social Media Policy.

Sufficient competent evidence on the record as a whole supports the Commission's finding that Claimant engaged in misconduct connected with work as defined by Section 288.030.1(23)(e). Therefore, the Commission's determination that

Claimant is not entitled to benefits is affirmed.

## CONCLUSION

For the foregoing reasons, the decision of the Commission is affirmed.

Robert M. Clayton III, P.J., and Mary K. Hoff, J., concur.